BARBER et al. v. TOWN OF NEW SCOTLAND.

(Supreme Court, Appellate Division, Third Department. September 4, 1901.)

JUDGMENT—RES JUDICATA.

Where a claim presented to a town board for audit is allowed in part, and claimant obtains a review by certiorari, the confirmation of the audit is res judicata of a subsequent action on the same claim.

Appeal from judgment on report of referee.

Action by Morgan F. Barber and others against the town of New Scotland. From a judgment in favor of plaintiffs on report of a referee, defendant appeals. Reversed.

The action was brought to recover $768.22, being the amount expended by plaintiffs for services of an attorney employed by them in the defense of a certiorari proceeding instituted by the Delaware & Hudson Company to review an assessment made by plaintiffs, as assessors of the town of New Scotland, in 1893. This claim was in 1897 presented by these plaintiffs to the town board of New Scotland, and by such board audited and allowed at the sum of $200. The plaintiffs, feeling aggrieved, procured a writ of certiorari to this appellate division to review the action of the town board, and the appellate division confirmed such action and judgment of the board of audit. The plaintiffs thereafter brought this action in the supreme court to recover the same claim passed upon by the board of audit, whose judgment respecting the same had been confirmed by the appellate division, and the referee directed judgment for the full amount.

Argued before PARKER, P. J., and SMITH, KELLOGG, EDWARDS, and CHASE, JJ.

S. J. Daring (Newton Fiero, of counsel), for appellant.
Smith O'Brien, for respondents.

KELLOGG, J. The referee finds as a fact, and upon sufficient proof, that these plaintiffs presented this identical claim to the board of audit of the town of New Scotland, to be audited against said town, and that it was audited and allowed at $200, and, on certiorari sued out by plaintiffs the appellate division confirmed the judgment of the town board. It appears that plaintiffs thereafter brought this action, ignoring the judgment of the board of audit and the confirmation thereof by the appellate division. That the town board had jurisdiction to pass upon the claim after plaintiffs had presented it for their judgment cannot be doubted. The recognition of this authority in the town board of audit, by suing out a writ of certiorari, bringing the whole matter into this appellate division for review, is also a recognition of the judicial function of the town board of audit in passing upon the claim upon its merits. It so appears, without contention, that plaintiffs have had their day in court; that this matter has once been determined by a competent tribunal, and is res adjudicata. That this action cannot be maintained is evident from the findings of the referee. It is unnecessary to pass upon the other questions, which relate to the power of the assessors of a town to employ counsel to defend their action as assessors, without the authorization of the town board, in case proceedings by certiorari are brought charging an erroneous assessment. The fact that one judgment has been rendered on the merits of this matter, and that judgment still obtains, necessitates the reversal of the judgment appealed from. Judgment reversed, with costs, and complaint dismissed, with costs. All concur; SMITH, J., in result.