PEOPLE ex rel. ANDERSON v. SNEDEKER et al., Board of Town Auditors.

(Supreme Court, Special Term, Westchester County. January 13, 1912.)

1. MANDAMUS (§ 4*)—COMPELLING PERFORMANCE OF OFFICIAL DUTY.

While the court, at Special Term, may by mandamus compel the board of auditors of a town to pass on a claim presented to it, it has no power to direct as to their determination; and where the board has determined that a claim is not a legal charge against the town, and for that reason disallowed it, mandamus is not the proper remedy, but the claimant's only remedy is by an appeal, in some cases to the board of supervisors, and in others by certiorari to the Appellate Division.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 4.*]

2. TOWNS (§ 30*)—OFFICERS—POWERS.

Neither the board of town assessors nor the town board has any authority to employ a clerk for the board of assessors, and a claim for services rendered as such clerk is properly disallowed by the board of town auditors.

[Ed. Note.—For other cases, see Towns, Dec. Dig. § 30.*]

Mandamus by the People, on the relation of Alice Cox Anderson against John A. Snedeker and others, as the Board of Town Auditors of the Town of White Plains, to compel respondents to audit and allow a claim of relator. Denied.

John J. Ackerman, for relator.
Arthur I. Strang, for respondents.

TOMPKINS, J. This matter comes before me on an application of the relator for a peremptory writ of mandamus, commanding the board of town auditors of the town of White Plains to audit and allow the claim of the relator, Alice Cox Anderson, amounting to the sum of $280, for services rendered by her as a clerk in the office of the board of assessors of the said town of White Plains, having been employed by the said board of assessors by virtue of a resolution adopted by the town board of said town, which expressly authorized such employment. The counsel for the town board, and representing as well the respondents, has submitted no papers in opposition to the motion, and on the argument stated that the town officials, whom he represented, were neutral in the matter, and simply desired to have the question of the validity of the relator's claim decided by the court, without assuming an attitude in opposition to the motion.

There seems to me to be two reasons why the court is without power to grant this motion, and by mandamus direct the town board of auditors to audit the relator's claim.

[1] In the first place, it appears by the moving papers that the respondents, the board of town auditors, did, on the 20th day of De-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cember, 1911, formerly pass upon the merits of the relator's claim, and thereupon, by a majority vote, determined that the said claim was not a legal charge against the town, and for that reason disallowed the same. This was a judicial determination by the board of town auditors, which this court, at Special Term, has not power to set aside or disturb. This court has power, by mandamus, to direct the board of auditors to pass upon and allow or disallow a claim that is presented to it, but has no power to direct how such claim shall be passed upon, or whether it shall be allowed or disallowed. After a board of town auditors has judicially passed upon the merits of a claim, and has allowed or disallowed it, the claimant's only remedy is by an appeal, in some cases to the board of supervisors, and in others by certiorari to the Appellate Division of this court. So that, in my opinion, this court, at Special Term, has no power to review the action of the board of town auditors in allowing or disallowing the claim.

[2] In the second place, there is no authority in the law for the employment by the board of town assessors of a clerk or other assistant, nor has the town board any power to authorize the employment by the town assessors of a clerk or other assistant. I can understand how necessary it may be, in a town of the size of White Plains, for the board of assessors to have a clerk or stenographer, and the town law should be amended, so as to authorize the employment of such a person, either directly by the board of assessors, or upon the authority of the town board; but in the absence of such legal authority it seems to me that the town auditors were right in disallowing the relator's claim; and for these two reasons I must deny the application for a peremptory writ of mandamus, but without costs.