(86 Misc. Rep. 72)

MURPHY v. TOWN OF BENTON.

(Supreme Court, Trial Term, Yates County.   June 20, 1914.)

1. TOWNS (§ 62*)—CLAIMS AGAINST TOWN—REMEDY.
    One having an unliquidated claim against a town, who presented
    it to the town board, which examined the claim and rejected it, cannot
    maintain an independent action against the town; his remedy being cer-
    tiorari to review the determination of the board, or mandamus to compel
    the board to audit, in case of nonaction, for the town board acts in a
    judicial capacity in disposing of the claim, and its determination is
    conclusive until reversed or set aside.
    [Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 105–109; Dec.
    Dig. § 62.*]

2. TOWNS (§ 62*)—TOWN BOARD—NATURE OF BODY.
    The town board is a continuing body, and hence its adjournment after
    the denial of an unliquidated claim will not prevent a party from obtain-
    ing certiorari to review its action.
    [Ed. Note.—For other cases, see Towns, Cent. Dig. §§ 105–109; Dec.
    Dig. § 62.*]

Action by John T. Murphy against the Town of Benton.   There was
a verdict for plaintiff, and defendant moves for a new trial.   Motion
granted.

Spencer F. Lincoln, of Penn Yan, for plaintiff.
M. A. Leary, of Penn Yan, for defendant.

CLARK, J.   In 1913 plaintiff had residing in his family a laborer
named Larsen, who was a resident of the town of Benton, and who
was taken ill at plaintiff's home with diphtheria.   The health officer of
the town was promptly notified, and he took charge of the case, called
the board of health of the town together, and was authorized by such
board to take such steps as he deemed necessary for the care of the
man afflicted with this contagious disease, and for the safety and health
of the residents of the town in preventing the spread of that disease.
Thereafter the health officer quarantined plaintiff's home and employed
him to care for said invalid, and promised plaintiff that he should be
paid for such services, and any expenses he incurred in caring for
the patient he should be compensated for; also for certain personal
property which had been in the room occupied by the sick man, and
which the health officer ordered destroyed.

Some months after the patient recovered his health, plaintiff pre-
pared an itemized statement of his bill, verified the same, and pre-
sented it to the town board of the town of Benton, and on the 7th day
of November, 1913, said board considered the bill and rejected it, and
filed with the clerk its certificate of rejection, and certified the claim
so presented and rejected to the board of supervisors of Yates county.
More than 30 days after the bill was rejected, this action was begun
for the recovery of the various amounts as stated in the bill so pre-
sented and rejected.   On the trial, after plaintiff had concluded his
evidence and rested, a motion was made for a nonsuit, upon the ground,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    148 N.Y.S.—18

among others, that plaintiff had mistaken his remedy. The motion was at that time denied, and the trial proceeded, and resulted in a verdict for the plaintiff.

[1] Assuming that under the evidence in this case the claim of plaintiff is a just, proper, and legal one against the town to such an amount as he can prove his services and other items were reasonably worth, it seems to me that the position taken by defendant, that plaintiff had mistaken his remedy, must be sustained. This claim, while made in pursuance of an alleged contract with the health officer of the town of Benton, is an unliquidated one, and should be audited and collected in the same manner as other similar claims. This bill was presented to the town board, and it was examined and considered by that body, and was rejected. That was an audit of the claim. The town board in what it did acted judicially. It was a judicial tribunal having jurisdiction in the matter, and that decision must be regarded as final, unless it is reversed or set aside. If the town board had paid no attention to the claim, plaintiff's remedy would have been by writ of mandamus to compel an audit; but the claim having been audited and rejected by a duly constituted board possessing quasi judicial powers, if plaintiff felt aggrieved, his remedy was by a writ of certiorari to review the action of the town board, and not by an action against the town itself. People ex rel. McCabe v. Matthies, 179 N. Y. 242, 72 N. E. 103; Barber v. Town of New Scotland, 64 App. Div. 229, 71 N. Y. Supp. 1052; Bragg v. Town of Victor, 84 App. Div. 83, 82 N. Y. Supp. 212; People ex rel. Anderson v. Board of Auditors of White Plains, 75 Misc. Rep. 194, 132 N. Y. Supp. 765; Colby v. Town of Day, 75 App. Div. 211, 77 N. Y. Supp. 1022.

[2] Although the town board rejected the claim, and made and filed its certificate to that effect, and adjourned, that fact would not prevent plaintiff from pursuing the remedy above referred to; for the board is a continuing body, and could act upon the claim at a future meeting, if its previous action should be reversed. People ex rel. Village of Brockport v. Sutphin, 166 N. Y. 163, 59 N. E. 770. I have examined with much care the cases cited by counsel for plaintiff, and especially the case of Kennedy v. County of Queens, 47 App. Div. 250, 62 N. Y. Supp. 276. That case involved a liquidated claim, and stands almost alone in holding that it is optional with a person having a claim against a municipal corporation to present it for audit or to bring an action thereon as he sees fit. The later cases do not follow that authority, but hold to the rule of a review by writ of certiorari, as above indicated.

If this claim had been liquidated—that is, if plaintiff had been employed by a duly authorized agent of the town to perform certain services at a fixed compensation—it would probably not have been necessary for him to present his claim to the board for audit, and the case of Kennedy v. County of Queens, supra, would have been a sufficient authority to justify bringing an action direct; but this being an unliquidated claim, plaintiff proceeded properly in presenting it to the town board for audit, and that body acted judicially in the matter, and, it having had jurisdiction thereof, it would seem that plaintiff's

further course should be to review that action by writ of certiorari, and to bring the action directly against the town without such review was improper.

The motion for a new trial must therefore be granted, with $10 costs to abide the event.