WILLIAM JONES, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 24192.) — Claimant has appealed from a judgment of the Court of Claims dismissing his claim for damages for personal injuries and for property damage. On October 29, 1935, the State was making certain repairs to the highway known as Route 20 between the villages of Richfield Springs and West Winfield. The highway runs substantially east and west and is of concrete construction, the pavement being thirty feet in width. Employees of the State were filling the expansion joints of the pavement with melted tar. A tank car of 100-gallon capacity was being used in the work. This tank was attached to and propelled by a Dodge automobile. At the point where the work was being done the highway is level and straight. A quantity of leaves had accumulated where the work was in progress and one of the State employees was disposing of these leaves by burning with the result that the smoke therefrom drifted across the highway and enveloped the tar tank and automobile. Claimant was traveling easterly on the highway in a five-ton Ford pick up truck. As he proceeded easterly and at a point about 500 feet from where the work was being done he saw the smoke. He reduced his speed to fifteen miles an hour and drove into the smoke area until he came into collision with the tar tank. He testified that he did not see the tar tank or automobile truck until he was ten or twelve feet therefrom. As a result of the collision claimant suffered personal injuries and property damage. The Court of Claims found that the State was not negligent and that claimant was guilty of contributory negligence. Judgment affirmed, without costs. Rhodes, Crapser, Bliss and Heffernan, JJ., concur; Hill, P. J., concurs solely upon the ground that the question of contributory negligence was one of fact to be determined by the Court of Claims. Negligence on the part of the employees of the State was established.