WILLIAM JONES, Appellant, *v.* JOHN D. YOUNG, Respondent.

Third Department, July 11, 1939.

*O. L. Van Horne* [*Theodore P. Feury* of counsel], for the appellant.

*Hart, Senior & Nichols* [*Raymond F. Nichols* and *Morgan F. Bisselle* of counsel], for the respondent.

BLISS, J. This court has previously held that a plaintiff who first brings action against the master for the negligent act of the servant and fails on the merits, may not bring a second action against the servant for the same negligent act. (*Wolf* v. *Kenyon,* 242 App. Div. 116.) That is the identical situation in the case at bar. This holding was based upon the rule that under the doctrine of *res judicata* an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive of the rights of the parties and their privies in all other actions on the points in issue and adjudicated in the first suit. (See, also, *Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14.) We are told, however, that the Court of Claims is not a court but is rather a tribunal for the audit and determination of claims against the State and a board or commission to pass upon State claims and not a court of law. With that statement I cannot agree.

Section 23 of article VI of the State Constitution provides that nothing in the Judiciary Article shall abridge the authority of the Legislature to create or abolish any board or court with jurisdiction to hear and audit or determine claims against the State. Section 2 of the Court of Claims Act provides that the Court of Claims shall

be continued, that it shall consist of three judges to be known as judges of the Court of Claims. Under section 2 of the Judiciary Law the Court of Claims is by statute made a court of record. Section 9 of the Court of Claims Act provides that the Court of Claims shall have an official seal. Section 12 gives it jurisdiction to hear and determine private claims against the State and the State consents in all such claims to have its liability determined. By section 12-a of the Court of Claims Act the State waives its immunities from liability for the torts of its officers and employees and consents to have its liability for such torts determined in accordance with the same rules of law as apply to an action in Supreme Court against an individual or a corporation and the State thereby assumes liability for such acts. Jurisdiction is thereby conferred upon the Court of Claims to hear and determine all claims against the State to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers and employees of the State while acting as such. Under section 14 the court is given power to establish rules, regulate the practice before it and, with certain exceptions, the practice is directed to be the same as in Supreme Court. Section 25 of the Court of Claims Act provides that the determination of the court upon a claim shall be by a judgment and that a transcript of a judgment in favor of the State, certified by the clerk of the court, may be filed and docketed in the clerk's office of any county, and by being so docketed it shall become and be a lien upon the property of the claimant in that county to the same extent and enforcible by execution in the same manner as a judgment in the Supreme Court. Subdivision 5 of section 25 states that a final judgment against the claimant on any claim prosecuted under the Court of Claims Act shall forever bar any further claim or demand against the State arising out of the matters involved in the controversy. Section 26 directs that in no case shall any liability be implied against the State and no award shall be made on any claim against the State except upon such legal evidence as would establish liability against an individual or corporation in a court of law or equity.

Thus we have a court of record which had jurisdiction by statute to hear and determine this same claim for damages when it was presented against the State. Further than that, the Court of Claims, acting in a judicial capacity, heard the claim and determined it upon the merits and rendered final judgment thereon. Findings of fact were also made by the Court of Claims. After that an appeal was taken to the Appellate Division of the Supreme Court, Third Judicial Department, and the judgment of the Court of Claims was there affirmed. (*Jones* v. *State of New York*, 256

App. Div. 856.) The Appellate Division also passed upon the facts. It had authority to make new findings of fact and to render judgment to modify, affirm or reverse the judgment of the Court of Claims. Thus our own court as well as the Court of Claims fully and finally determined the same issues that are now being presented to us again. Both courts acted judicially and rendered final judgments dismissing the claim upon the merits.

The Court of Claims is something more than a mere auditing board. It is by statute given jurisdiction to act judicially and made subject to the same rule of liability as prevails in an action in the Supreme Court. This plaintiff has had his day in court on the issues of his own negligence and the negligence of the employees of the State and he is not now entitled to a second opportunity to try out the same questions exactly.

Our own court has once passed on these issues and its judgment likewise estops the plaintiff from asserting the same claim again. The decision and judgment of the Court of Claims are likened by our Presiding Justice to the action of a board of supervisors in auditing a claim against a county and he draws the conclusion that the claimant is in such action estopped from thereafter having his claim determined anew in court. Our court in *Barber* v. *Town of New Scotland* (64 App. Div. 229) held that where the plaintiffs had presented the same claim to the board of audit of a town and it was audited and allowed in a reduced amount, which audit was thereafter affirmed on certiorari by the Appellate Division (*People ex rel. McMillen* v. *Vanderpoel*, 35 App. Div. 73), that the plaintiffs had had their day in court, that the matter had once been determined by a competent tribunal and was *res judicata.*

The same rule applies to judgments of the United States Court of Claims.

" The question, then, occurs as to the conclusiveness of the judgment in the Court of Claims. That court is undoubtedly one of those which Congress has authority to establish. The Supreme Court of the United States has decided that it exercises the functions of a court of justice, and that its judgments are as final and conclusive as are those of its own when no appeal is taken therefrom. (*United States* v. *O'Grady*, 22 Wall. 647.) Now, it is a general principle of law that a judgment of a court having jurisdiction of the person and of the subject-matter is a final determination of all questions litigated in the cause, and of all questions which might be properly heard and decided upon the issue." (*United States* v. *Moore*, 10 D. C. 226.)

This conclusion is in harmony with the text writers on the subject. For example, 2 Freeman on Judgments ([5th ed.] § 633) says:

" Whenever any board, tribunal or person is by law vested with authority to judicially determine a question, such a determination, when it has become final, is as conclusive as though the adjudication had been made by a court of general jurisdiction."

The appellant further urges that he is being deprived of a right to a jury trial which was not available to him in the Court of Claims. Of course, he could have begun the present action first and had that jury trial of these issues in Supreme Court; however, he made his election to pursue his remedy in the Court of Claims and is, therefore, bound by it.

The order and judgment should be affirmed, with costs.

CRAPSER and HEFFERNAN, JJ., concur; HILL, P. J., dissents, with an opinion.

HILL, P. J. (dissenting). Plaintiff-appellant appeals from an order granting judgment on the pleadings. The action was brought to recover damages alleged to have been caused by the negligence of the defendant, who was an employee of the State of New York in its highway maintenance department in charge of a group of men who were burning refuse and leaves, which caused a volume of dense smoke to obscure a much traveled highway (Route 20) for a considerable distance. The maintenance truck with a tar heating trailer attached, which was under defendant's control, was parked upon the macadam portion of the highway within the zone of smoke and visible but a short distance. No warning by sign or otherwise was given indicating the obstruction. Appellant sustained serious injuries when his car collided with the tar heating trailer. He presented a claim for damages against the State in the Court of Claims, where it was determined that there was no liability, the court finding that the employees of the State were not negligent, and that defendant was. That judgment was affirmed by this court (256 App. Div. 856). Under quite similar circumstances, a railroad company has been held to be negligent when its employees kindled fires and the smoke obscured a portion of the nearby highway. (*O'Connor* v. *New York Central Railroad Co.*, 280 N. Y. 532.)

The decision appealed from was made upon the theory that the judgment of the Court of Claims was *res judicata*, the defendant being an employee and privy of the State, and that the issues sought to be raised in this action were litigated there, as the alleged liability of the State arose under the doctrine of *respondeat superior* and solely on account of the negligence of this defendant, its employee. Under the authority of *Good Health Dairy Products Corp.* v. *Emery* (275 N. Y. 14) and numerous earlier decisions, it is

unquestioned that the judgment of a court of competent jurisdiction on the merits in favor of the employer when the liability is derivative, is *res judicata* in a subsequent action against the employee. The Special Term has decided that the Court of Claims is a court of competent jurisdiction, and that its judgment is *res judicata* of the issues between this plaintiff and the defendant whose negligent act occurred in connection with his employment by the State. It is not questioned that plaintiff could maintain this action against the defendant except for the adjudication by the Court of Claims made in connection with the claim filed against the employer.

The Court of Claims has no jurisdiction except in connection with claims against the State. It may not consider even a counterclaim asserted by the State against a claimant. Its origin, history and jurisdiction are recounted in *People ex rel. Swift* v. *Luce* (204 N. Y. 478) in connection with the decision involving the constitutionality of chapter 856 of the Laws of 1911 by which the Court of Claims was abolished, and incidentally the tenure of the then judges terminated, and the *Board* of Claims created. It was there decided that the judges were not judicial officers, removable only upon the recommendation of the Governor with the concurrence of two-thirds of the members of the Senate, under section 11 of the then article 6 of the Constitution. The opinion in discussing the question states: " We are of the opinion that the section [section 11 of article 6 as it existed in 1912] does not apply. It cannot be extended so as to include any but judges of courts of law. There are many quasi-judicial officers in the State as to whom there is no pretense that they fall within the constitutional provision. The canal appraisers were such, as were the members of the board of audit. So also are the public service commissions [citation], the members of town boards of audit, supervisors acting as members of a board of audit of claims against a county, assessors and tax commissioners. The question is, therefore, whether the Court of Claims — so denominated by the Legislature — was in reality a court within the constitutional provisions, or only an auditing board and a quasi-judicial body. We think it was the latter. The Legislature was without power to create a new court with State-wide jurisdiction." Discussing an attempt by the Legislature to grant general jurisdiction to city courts, the opinion continues: " Despite this broad language, it was held that the Legislature could not confer upon these courts jurisdiction throughout the State, as that would trench upon the powers and jurisdiction of the Supreme Court. (*Landers* v. *Staten Island R. R. Co.*, 53 N. Y. 450; *People ex rel. Ryan* v. *Green*, 58 id. 295.)" (Pp. 486, 487.) Chief Judge CULLEN wrote the opinion in the *Luce* case before the present article 6 of the Con-

stitution was adopted in 1925. The Court of Claims received no additional recognition as a court of general jurisdiction therein, but rather the doctrine of the *Luce* case was emphasized. As in the previous article, the same class of judicial officers are removable on the recommendation of the Governor, with the concurrence of two-thirds of the members of the Senate (Art. 6, § 9), and in addition a new section was enacted: " § 23. Nothing in this article contained shall abridge the authority of the Legislature to create or abolish any board or court with jurisdiction to hear and audit or determine claims against the State, and any such tribunal existing when this article shall take effect shall be continued with the powers then vested in it until otherwise provided by law." Thereunder the present " Court of Claims " is a " tribunal " for the audit and determination of claims against the State, and not a court of law, and may be abolished at the will of the Legislature, and a board or commission to pass upon State claims created. Had this defendant-respondent been in the employ of a county on the occasion of the alleged negligent act, and had a claim for damages been presented to the board of supervisors and rejected, could it be said that the board, while auditing the claim, acted as a court and its rejection of the claim was a judgment that barred an action against the employee. If the answer be in the negative, then under the *Luce* case, a like answer must be given as to the effect of the Court of Claims judgment. The Supreme Court has, and from the time the plaintiff-appellant's cause of action against the defendant-respondent arose had, jurisdiction thereof. The Legislature, by creating the Court of Claims could not, under the Constitution, curtail or limit that right. " If a claim is made litigable at all, that is to say, if made the subject of a suit or litigation in a court of law, then under the express provision of the Constitution the jurisdiction of the Supreme Court attaches at once." (*Luce* case, *supra*, p. 488.)

The issue in this case was triable by a jury (Civ. Prac. Act, § 425, subd. 1); this could only be waived as prescribed by law (Id. § 426). The filing of a claim against the State was not a waiver. The issues presented in the derivative claim against the State were not tried before a jury, but were considered by a tribunal with power to audit. The attempt by appellant to recover against respondent's employer in the only forum in which the sovereign consents to appear does not preclude his right to seek relief against this private defendant in a constitutional court of general jurisdiction and before a jury.

*Sturman* v. *New York Central R. R. Co.* (280 N. Y. 57) does not involve the exact issue here presented, as the State and the railroad company were not privies, but it exemplifies that findings made in

connection with claims against the State presented in the Court of Claims are not decisive in actions between private litigants. The plaintiff there sought to recover against the State in the Court of Claims, where a substantial judgment in her favor was rendered, which was reversed by this court (244 App. Div. 865) upon the finding that the " sole and proximate cause of the accident " was the driver's (Levey's) negligence in failing to observe and heed warnings. Our decision was affirmed by the Court of Appeals (269 N. Y. 627). Thereafter claimant brought an action for damages against the railroad company. Her complaint was dismissed at the Trial Term, the decision was affirmed by the Appellate Division (254 App. Div. 658), but reversed in the Court of Appeals (280 N. Y. 57), the opinion stating (p. 63): " A claim made by this plaintiff against the State for compensation for her injuries was heretofore dismissed on a finding that the sole proximate cause of the accident was the failure of Mr. Levey, the driver of the automobile, to heed warning signs placed by the State to apprise passing motorists of the potential danger of the narrow bridge [citation]. This defendant was not a party to that litigation [citation], nor was the negligence of Mr. Levey to be imputed to the plaintiff [citations]." It having been determined by this court and by the Court of Appeals in connection with the claim against the State, that plaintiff's injury was caused solely by the negligence of Levey, it is difficult to understand upon just what theory the New York Central Railroad Company was liable.

Assuming that there is merit in plaintiff-appellant's cause, he had a right, under the common law, to recover against the defendant-respondent and against the State as employer. Because of the State's sovereignty it could not be sued in the law courts. This did not affect plaintiff's right but only his remedy. Formerly his only remedy against the State was by an act of the Legislature. Had the Legislature refused to make money available, and approve his claim by appropriate legislation, could it be said that the refusal of the Legislature to act was *res judicata* as to the right to seek a remedy against defendant in a court of law. The Court of Claims performs the functions and has the jurisdiction formerly exercised by the Legislature. Its audit and rejection of a claim should have no determinative effect as to an action pending in the law courts between these private parties.

The order and judgment should be reversed on the law, with costs, and defendant permitted to plead.

Order and judgment affirmed, with costs.