HAROLD A. CHAFFEE, Respondent, v. THOMAS LAWRENCE, Appellant.— On November 12, 1947, plaintiff's vehicle collided with a vehicle owned by the State of New York and operated by defendant. Plaintiff filed a claim against the State in the Court of Claims for property damage and thereafter commenced this action in the Supreme Court against defendant. Plaintiff's claim against the State resulted in a judgment of the Court of Claims finding that plaintiff failed to establish freedom from contributory negligence, which judgment was affirmed on appeal. (*Chaffee* v. *State of New York*, 279 App. Div. 682.) Thereafter defendant moved to amend his answer in the Supreme Court action to plead that the judgment of the Court of Claims was *res judicata*. The motion was denied on the authority of *People ex rel. Swift* v. *Luce* (204 N. Y. 478) on the theory that the Court of Claims was not a court, but rather a tribunal for the audit and determination of claims against the State. Order on reargument, insofar as appealed from, reversed, with $10 costs and disbursements, and motion granted, with $10 costs. The principle of the conclusiveness of prior adjudications extends to all bodies upon whom judicial powers have been conferred. Whenever any tribunal is by law vested with authority to judicially determine a question, such a determination, when it has become final, is conclusive upon the matters thereby determined when they come again in question in another tribunal. In our opinion, the Court of Claims is a court which acted in a judicial capacity when it determined by its judgment, affirmed on appeal, that plaintiff failed to establish freedom from contributory negli-

gence in this accident. (*Jones* v. *Young*, 257 App. Div. 563; 2 Freeman on Judgments [5th ed.], §§ 633, 641; 3 Freeman on Judgments [5th ed.], § 1259.) The fact that plaintiff was deprived of a jury trial of the issues in the Court of Claims is not material in view of the fact that it was the plaintiff who voluntarily instituted the proceeding in that court. (*Jones* v. *Young, supra.*) Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ., concur.