Fred J. Munder, J.
This is an action to recover damages for personal injuries received when the plaintiff, in the nighttime, drove his automobile into a large rock and then into a fence-type barricade guarding some State highway construction work. The defendant, who was under contract with the State of New York, is charged with having negligently permitted the rock to remain in the roadway as a obstruction to traffic, and with having failed to provide sufficient warning of the presence of the barricade.
In a prior action against the State, in which the latter was charged with almost identical acts of negligence, after a trial in the Court of Claims without a jury, it was determined that, although the State was found to have been negligent, the plaintiff was not entitled to recover due to his own contributory negligence. The complaint was accordingly dismissed. The defendant in this action now moves for summary judgment on the ground, as pleaded in the answer as an affirmative defense, that the judgment of the Court of Claims is res judicata on the question of the plaintiff’s contributory negligence and hence a bar to the present action. The plaintiff cross-moves for summary judgment on the ground that the finding of negligence by the Court of Claims on the part of the plaintiff was contrary to the weight of the available evidence, and that, because of the finding of a negligent condition at the construction site, the defendant in this action was negligent as a matter of law. In the alternative, the plaintiff seeks a denial of the defendant’s motion on the ground that the necessary requirements for the application of the doctrine of res judicata as a defense do not exist.
No question is raised as to the possible conclusiveness upon this court of a prior adjudication of the Court of Claims. That the judgment of that court may be binding in a proper case is now well settled in this Department. (Chaffee v. Lawrence, 282 App. Div. 875 and cases therein cited.)
The cross motion for summary judgment must in any case be denied. Though it is argued that the finding of contributory negligence on the part of the plaintiff is refutable on the basis of the testimony given on his examination before trial, it cannot *360 be said that the plaintiff was free from contributory negligence as a matter of law.
It has been held that “ The general doctrine of res judicata gives binding effect to the judgment of a court of competent judisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein”. (Matter of Shea, 309 N. Y. 605, 616.) In the present action the plaintiff seeks to relitigate the identical issue, namely that of his contributory negligence, against a party which, by virtue of its contract, shared an identity of interest and was in privity with the State. “ Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party against whom the plea is raised was a party to the prior action and had full opportunity to litigate the issue of its responsibility.’” (Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14, 18.) Here I believe that just such a situation exists. The plaintiff has had a full opportunity to establish his freedom from contributory negligence. Having failed, he should not be afforded a second chance to litigate the same issue against the contracting corporation that was performing the construction work for the State. (Israel v. Wood Dolson Co., 285 App. Div. 719.) I conclude, therefore, that the prior judgment in favor of the State acts as a bar to the present action.
The argument that the conclusion reached by the Court of Claims was not based on the “ factual evidence ” requires no comment. A jurisdictionally valid judgment though erroneous is as binding as a correct one until it is reversed or set aside.
The defendant’s motion for summary judgment is granted accordingly, and the cross motion is denied.