T. Paul Kane, J.
This is a proceeding pursuant to article 78 of CPLR against J. Burch McMorran as New York State Superintendent of Public Works and Arthur Levitt as New York State Comptroller to compel payment of $2,100 plus accrued interest, representing a portion of moneys resulting from a condemnation award to the petitioner by the Court of Claims. Petitioner was the former owner of certain hotel properties in the Village of Roxbury, New York, which were appropriated by the State of New York for highway purposes. His award was adequate in amount and included interest from the date of the filing of notice of appropriation and map on March 23,1964 to January 12,1965, the date of the entry of judgment on the award. It further appears that petitioner was in possession of the premises and operating same as a business enterprise until November 9, 1964.
After entry of judgment on the award, respondents unilaterally fixed a sum of $350 per month as the fair rental value of the condemned property for the six months that petitioner had possession after he received notice of appropriation. In justification for this action and by way of a counterclaim to this motion, respondents allege that petitioner cannot enjoy both the possession of the condemned property and obtain interest on his award for this period from title vesting to entry of judgment, citing subdivision 13-c of section 30 of the Highway Law. Respondents further counterclaim for an additional sum of $4,161.67, representing the purported economic benefit accrued from the opera- *81 ti on of the business from March 23,1964 until November 9,1964. Since only $2,100 is being withheld from the entire award of $72,763.83, this additional claim for economic benefit appears for the first time on this motion.
As to both counterclaims, petitioner contends that any rights the State may have had which it may assert to decrease the amount of award have been waived. He points out that the question of fair and reasonable value for use and occupation was not appropriately raised at trial, that the State did not pursue a summary proceeding to remove him while the trial was pending and that no appeal from the judgment was taken. Having failed to pursue any of these remedies, petitioner contends that respondents are unlawfully withholding the balance of his award. As to subdivision 13-c of section 30 of the Highway Law, petitioner asserts that it does not apply and further that it is unconstitutional.
Subdivision 12 of section 30 of the Highway Law provides a remedy for the removal of persons such as petitioner, a remedy which was pursued by respondent Superintendent of Public Works and thereafter abandoned. This apparently resulted from the granting of a preference to petitioner and a remarkably prompt trial of his claim commencing on November 10,1964. During this trial no claim was made against petitioner for his use and occupation of the premises in question nor was any appeal taken from the judgment entered January 12,1965, which made the award of interest to that date from March 23, 1964.
Title to the property in question vested in the State of New York on March 23, 1964 when a copy of the description of the premises and the map was filed in the office of the Clerk of the County of Delaware. (Highway Law, § 30, subd. 6.) Subdivision 13-c of section 30 of the Highway Law became effective April 22, 1964, and, consequently, the respondents cannot avail themselves of its provisions and it cannot be held to be retroactive to the extent that moneys due pursuant to a judgment upon an award can be withheld (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 53). The respondent Superintendent of Public Works could have consummated an agreement as to the value of the premises used by petitioner pending a determination of the award but there was no attempt to avail himself of this provision of subdivision 13-c of section 30 of the Highway Law which relates to properties previously acquired as well as subsequently acquired.
There being no statutory authority to permit the procedure sought to be pursued by respondents, reference must be had to applicable case law. There is no question but that petitioner *82 enjoyed the use of the property in question from the acquisition of title by the State of New York until November 9, 1964 and that he also received interest on his ultimate award during this same period. It seems to be the rule in New York that a “ dondemnee is not allowed interest during periods while he has had an equivalent use of the property” and that “ the burden is ordinarily upon the condemnor to prove by way of offset that the value of the use has been at least equal to the interest” (La Porte v. State of New York, 6 N Y 2d 1, 6, 7). However* it does not appear that the award of interest is meant to be an automatic determination of the rental value of the premises pending the award. Petitioner became the tenant of the State upon the filing of the map. If he is to be charged rent for his occupancy of the premises he formerly owned, certainly he should have had the opportunity to be heard upon the question of the amount of any value for rent or use of the premises. The burden of proof as to any amount sought to be offset was upon the State (La Porte v. State of New York, supra) and failure to sustain this burden at trial cannot thereafter precipitate a collateral attack upon the judgment heretofore rendered by the vehicle of a counterclaim in a subsequent proceeding (Chaffee v. Lawrence, 282 App. Div. 875). Thus', the counterclaims interposed must fail. Since the respondents were without authority ■to withhold the funds sought to be recovered by petitioner which were due and owing pursuant to a valid and binding judgment of the Court of Claims (Beaudrias v. State of New York, 47 N. Y. S. 2d 509), interest must be awarded to petitioner for the respondents’ failure to comply with this judgment.
Accordingly, judgment may be entered granting in all respects petitioner’s prayer for relief, which judgment shall also direct dismissal of the counterclaims interposed by respondents.