RAY C. PLANTY, Appellant, *v.* POTTER-DE WITT CORP., Respondent.

Third Department, May 15, 1967.

*Preston C. Carlisle* (*Margrethe R. Powers* and *John T. De Graff* of counsel), for appellant. *Herron, Lawler & Fischer* (*William J. Herron* of counsel), for respondent.

REYNOLDS, J. Plaintiff appeals from a judgment of the Supreme Court, St. Lawrence County, entered on an order granting respondent's motion to dismiss the complaint on the ground of *res judicata.*

Appellant was injured on the morning of September 8, 1962 when his automobile left the road as it rounded a curve on Route 87 in St. Lawrence County. At the point of the accident the road was being reconstructed by respondent under a contract with the State of New York. As a result of this construction, there were purportedly no usable shoulders on the road and a 12-inch drop at the highway's edge. Appellant first brought suit against the State on the grounds that the State was negligent in not providing adequate safeguards and warnings and in failing to have adequate lighting, signs and notices of the condition of the highway and shoulders. Upon trial of the issue the Court of Claims dismissed the complaint against the State holding that appellant not only had not proven negligence attributable to the State but also had failed to establish his own freedom from contributory negligence. After the unsuccessful termination of his action against the State, appellant instituted the instant action against the respondent alleging almost the identical acts of negligence charged against the State in the prior suit. On this state of the record we concur in Special Term's dismissal of the complaint. His first suit may have been against a different party, the State, but since the State's liability was derived from its nondelegable responsibility to maintain its highway in a safe condition (e.g., *Neddo* v. *State of New York,* 194 Misc. 379, affd. 275 App. Div. 492, affd. 300 N. Y. 533) and arose here solely from the alleged actions or omissions of the instant respondent, appellant has had his day in court on the very issue he seeks to litigate in the present suit and is thus precluded by *res judicata* to litigate the question anew (*B. R. DeWitt, Inc.* v. *Hall,* 19 N Y 2d 141; *Cummings* v. *Dresher,* 18 N Y 2d 105; *Israel* v. *Wood Dolson Co.,* 1 N Y 2d 116; *Good Health Dairy Prods. Corp.* v. *Emery,* 275 N. Y. 14; *Rooney* v. *Tufano Contr. Corp.,* 43 Misc 2d 358).

The finding of the Court of Claims that the appellant failed to establish his own freedom from contributory negligence is compelling here and would, in any event, be decisive without reference to the issues of negligence tendered first against the State and in this case as against the contractor.

Finally, we cannot agree with appellant's argument that he is prejudiced because he is being deprived a jury trial as to the issues involved inasmuch as he chose not to commence the instant suit until after the Court of Claim's decision had already been rendered (*Chaffee* v. *Lawrence,* 282 App. Div. 875; *Jones* v. *Young,* 257 App. Div. 563).

The judgment should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS, STALEY, JR., and GABRIELLI, JJ., concur in opinion per REYNOLDS, J.

Judgment affirmed, without costs.