■ In the Matter of ROBERT BLANCO, Petitioner, v BARBARA BLUM, as Commissioner of Social Services, State of New York, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of respondent State commissioner, dated December 27, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency terminating petitioner's medical assistance authorization. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the State commissioner for a *de novo* hearing and a new determination. Petitioner had received medical

948

assistance pursuant to section 366 of the Social Services Law. However, the local agency terminated his assistance and, after a fair hearing, the State commissioner confirmed the local agency's determination. Petitioner then commenced an article 78 proceeding. That proceeding resulted in a judgment annulling the fair hearing determination and ordering a new hearing. Petitioner received this new hearing in early September, 1977. After that hearing a determination was made on September 9, 1977 that petitioner had surplus income in the amount of $36.67. He was told that if he could offer verified proof that his medical expenses exceeded that amount he would receive assistance for the difference. The determination was based on a finding that petitioner owned a 12-room house, rented seven rooms, lived in the remaining five and received rental income in the amount of $425 per month. Proof was offered of his expenses for maintaining the house, and the State commissioner deducted seven twelfths of the expenses from his rental income. On October 4, 1977 the agency determined to discontinue the petitioner's medical assistance because he offered no proof that his medical expenses were in excess of $36.67 per month. Petitioner then requested a fair hearing, which was held on November 1, 1977. The hearing was limited to determining whether petitioner's medical expenses exceeded the surplus. However, petitioner believed the hearing was for the purpose of reassessing his eligibility for medical assistance. Respondents claim that the prior hearing was *res judicata* on the issue of surplus income. *Res judicata* is applicable to administrative determinations as well as to decisions of courts *(Matter of Evans v Monaghan,* 306 NY 312, 323). However, an agency can and should alter its determination when circumstances have changed and new evidence is offered. Petitioner had the right to offer new evidence that his rental income had decreased or his expenses had increased. Moreover, the agency, when attempting to limit a benefit already given, must prove by substantial evidence that its action is justified *(Matter of Woodley v Lavine,* 54 AD2d 912, 913). A new hearing is required at which time petitioner can offer proof that his actual income, at the time of the November, 1977 hearing, was less than determined at the hearing in September, 1977. However, at the new hearing, the petitioner shall be bound by the State commissioner's determination of September 9, 1977, made after a fair hearing, which held that the formula with respect to computing petitioner's income shall be based on a deduction of only seven twelfths of the expenses of maintaining his house. Mollen, P. J., Hopkins, Rabin and Martuscello, JJ., concur.