■ SALVATORE DE SIMONE, Respondent, v SOUTH AFRICAN MARINE CORPORATION, S.A. MORGENSTER, Appellant. — In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County (Aronin, J.), dated December 12, 1979, which denied its motion for summary judgment. Order reversed, on the law, without costs or disbursements, motion granted, and complaint dismissed. Plaintiff claimed that, while working as a longshoreman on July 8, 1973, he had been injured loading defendant's ship. He alleged that one of defendant's employees had negligently untied a cargo net fastened to the ship, causing it to become caught on the side of the vessel. Consequently, plaintiff contended, he had to strain in order to pull the net loose and, in doing so, sustained a heart attack. As a result of this alleged incident, plaintiff commenced the instant action. He also filed a claim against his employer, International Terminal Operating Co., Inc., for disability compensation, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act (44 Stat 1424, as amd, US Code, tit 33, § 901 *et seq.)* and regulations governing the administration of the act (20 CFR Parts 701, 702). On October 28, 1976 a hearing on plaintiff's compensation claim was conducted before an Administrative Law Judge of the United States Department of Labor. Plaintiff and his employer, who were both represented by counsel, were given a full opportunity to present evidence, oral argument, and briefs concerning the issues relative to the compensation claim. After the hearing, at which plaintiff's factual allegations concerning the events of July 8, 1973 apparently had been contested, a memorandum decision was rendered. The Administrative Law Judge, referring specifically to the July 8 incident, concluded as follows: "The weight of the evidence supports the conclusion that claimant [plaintiff herein] did not suffer an injury arising out of the *[sic]* and in the course of his employment. The credible evidence is that he suffered an attack of angina at work while sitting and at rest unrelated to his work and caused by long standing arteriosclerosis." Wherefore, by order, dated February 4, 1977, plaintiff's compensation claim was denied. This order was affirmed on September 29, 1978 by the Benefits Review Board of the United States Department of Labor. In the case at bar, defendant moved, pursuant to CPLR 3212, for an order granting summary judgment. This motion was grounded, in essence, on the following arguments: (1) the Department of Labor's decision on plaintiff's compensation claim finally determined that no work-related activity on July 8, 1973 had caused plaintiff's heart attack; (2) plaintiff alleges the same injury in this suit as in the compensation proceeding and claims that work-related activity of July 8, 1973, in which defendant's negligence allegedly played a part, caused the injury; and (3) therefore, since the factual issue of the cause of plaintiff's injury in this suit is identical with that already determined against him in the compensation proceeding, said prior determination will be binding and conclusive on this issue, and by reason of collateral estoppel, will preclude plaintiff from proving a necessary element of his

instant action for personal injuries, viz., the causal connection between defendant's alleged negligence and plaintiff's injury. By the order appealed from, Special Term denied defendant's motion for summary judgment, and, in effect, rejected this collateral estoppel argument. We disagree. In a recent opinion by Mr. Justice Mangano, this court observed: "The general applicability of the doctrines of *res judicata* and collateral estoppel to the quasi-judicial determinations of administrative agencies has long been recognized in New York. *(Matter of Evans v Monaghan,* 306 NY 312, 323-324; *Bernstein v Birch Wathen School,* 71 AD2d 129, 132; *Matter of Silberman v Whalen,* 70 AD2d 537; *Matter of Blanco v Blum,* 67 AD2d 947, 948.) Developed to bring finality to dispute resolution in the courts, these common-law doctrines have been applied to decisions of administrative agencies when rendered pursuant to the adjudicatory function of these agencies. (See 2 Davis, Administrative Law Treatise, § 18.03, p 559, § 18.08, p 597; see, also, *Matter of Venes v Community School Bd. of Dist. 26,* 43 NY2d 520, 525; *Matter of Colton v Berman,* 21 NY2d 322, 337.) '[S]uch determinations, when final, become conclusive and binding on the courts [citations omitted]' *(Berstein v Birch Wathen School, supra,* p 132)" *(Matter of Newsday, Inc. v Ross,* 80 AD2d 1, 5). In applying the doctrine of collateral estoppel to final adjudicatory determinations of administrative agencies, *Newsday (supra)* held that there must be an identity of issues and parties. That is, "the party against whom collateral estoppel is asserted, or his privy, must have been given a full and fair opportunity to litigate in a prior proceeding the issue sought to be precluded in the subsequent proceeding." *(Matter of Newsday, Inc. v Ross, supra,* p 6; see *Malloy v Trombley,* 50 NY2d 46, 53.) On the record before us, there was an identity of issues and parties. The factual question of the work-related cause of plaintiff's injury had been fully and fairly litigated by plaintiff, as claimant, in the compensation proceeding, and finally determined against him upon a finding that work-related activity had not caused his injury. Therefore, barred as the same party from relitigating the same issue, and bound by the unfavorable determination of the Department of Labor, plaintiff should have been precluded by collateral estoppel from proving the cause of injury alleged in the instant complaint, viz., his work-related activity as affected by defendant's allegedly negligent conduct. As so precluded, plaintiff would have been rendered incapable of proving, prima facie, one of the necessary elements of his personal injury cause of action (see *Sheehan v City of New York,* 40 NY2d 496, 501), thus dictating summary judgment in defendant's favor. Damiani, J. P., Mangano, Rabin and Gulotta, JJ., concur.