OPINION OF THE COURT
Robert A. Harlem, J.
The defendant moves for an order permitting amendment of his answer in order to plead preclusion of recovery by the plaintiff, Bruce John Page, Sr. (hereafter Page), of any amount in excess of $250,000 based upon a judgment for that amount obtained by Page against the State of New York in the Court of Claims. Page cross-moves for an order granting summary judgment in his favor in the amount of $250,000 without offset, contribution or apportionment. The action by the plaintiff, Marjorie Ann Page, is not involved or affected by these motions.
On June 11, 1975, the plaintiff, Bruce John Page, Sr., was injured when a 15-foot trench caved in while he was working in it. The defendant was the subcontractor engaged in the excavation work. No shoring was provided in violation of section 241 of the Labor Law. This lawsuit *916 emanates from the incident described. Page also brought an action against the State of New York, as owner of the property, in the Court of Claims. Motions for summary judgment in favor of the plaintiff in both the Supreme Court and Court of Claims were granted, with findings of liability under section 241 of the Labor Law, and the actions were remitted to their respective trial courts for the assessment of damages.
The action was first tried in the Court of Claims where damages were awarded to Bruce John Page, Sr., in the amount of $250,000. This award as well as the granting of summary judgment has been affirmed.
On this motion, the defendant seeks to invoke the doctrine of collateral estoppel limiting the recovery of this plaintiff to a sum no greater than $250,000, the amount awarded in the Court of Claims. The plaintiff contends that collateral estoppel does not apply, and asserts a constitutional right to have a jury determine the issue of damages, or, in the alternative, he seeks to invoke the doctrine to prevent recovery of any amount less than $250,000.
In Gramatan Home Investors Corp. v Lopez (46 NY2d 481, 485-486) it is said: “Collateral estoppel, together with its related principles, merger and bar, is but a component of the broader doctrine of res judicata which holds that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action * * * This principle, so necessary to conserve judicial resources by discouraging redundant litigation, is grounded on the premise that once a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again * * * Collateral estoppel is a corollary to the doctrine of res judicata; it permits in certain situations the determination of an issue of fact or law raised in a subsequent action by reference to a previous judgment on a different cause of action in which the same issue was necessarily raised and decided * * * One of the fundamental principles of our system of justice is that every person is entitled a day in court notwithstanding that the same issue of fact may have been previously *917 decided between strangers. Generally, therefore, a person may not be precluded from litigating issues resolved in an action in which that person was not a party * * * Considerations of due process prohibit personally binding a party by the results of an action in which that party has never been afforded an opportunity to be heard * * * This prohibition, of course, is not unconditional and identity of the parties, as opposed to identity of the issues, is not an absolute.”
At one time, neither party could invoke the operation of collateral estoppel unless both parties were bound by the earlier determination, except in certain circumstances, such as where the party against whom the plea was raised was a party to the prior action and had a full opportunity to litigate the issue at hand (Good Health Dairy Prods. Corp. of Rochester v Emery, 275 NY 14). Through the years, so many exceptions were recognized as to render the rule inoperative and the Court of Appeals was moved to declare the rule of mutuality a dead letter (B.R. DeWitt, Inc. v Hall, 19 NY2d 141).
The Court of Appeals assessed the status of the collateral estoppel doctrine in Schwartz v Public Administrator of County of Bronx (24 NY2d 65, 71) by stating: “New York Law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.”
On several occasions it has been held that a party who chooses to pursue a remedy against the State of New York initially, even though such party would otherwise be entitled to have a jury decide his claim against an individual, effectively waives his right to a jury determination, and the Court of Claims finding will be given res judicata effect (Jones v Young, 257 App Div 563; Planty v Potter-De Witt Corp., 27 AD2d 401; Matter of Tierney v State of New York, 55 AD2d 158). Res judicata effect has even been extended to a personal injury action where the prior determination was made by an administrative law judge of the United *918 States Department of Labor (De Simone v South African Mar. Corp., S.A. Morgenster, 82 AD2d 820).
The Court of Appeals has recently seemingly relaxed the requirement that collateral estoppel should be applied only to issues actually and necessarily decided in the prior proceeding by giving preclusive effect to an alternative determination made in the earlier proceeding. In Malloy v Trombley (50 NY2d 46), the court held an alternative finding by the Court of Claims, in dismissing plaintiff’s claim against the State, that the plaintiff was contributorily negligent and that his negligence was a substantial factor in causing the accident, barred recovery in the action against the individual defendant. The court said at page 50: “There can be no doubt in this instance that the issue of Malloy’s contributory negligence was actually and fully litigated. Although it is true that Malloy and Trombley did not stand toe-to-toe in the Court of Claims, Malloy’s incentive vigorously to oppose a finding of contributory negligence was no less there than it would be in the present Supreme Court action. No suggestion is now advanced that he was in any way handicapped or inhibited in his address to the issue in the Court of Claims; he had full opportunity there and no heavier burden to establish his. freedom from contributory negligence with respect to defendant State in that action than with respect to defendant Trombley in the present action * * * The justification for the alternative determination exception to the general rule is said to be that ‘the determination in the alternative may not have been as carefully or as vigorously considered as it would have been if it had been necessary to the result, and in that sense it has some of the characteristics of dicta’ * * * The care and attention devoted to the issue by Judge Moriarty in this instance saps such a contention of any vitality.”
It is clear, however, that the court did not fully abrogate any requirement that an issue must have been necessarily decided in order to justify the application of collateral estoppel. In O’Connor v G & R Packing Co. (53 NY2d 278), it was re-emphasized that issue preclusion is available to protect a defendant who was not a party to an earlier lawsuit from relitigation of an issue considered alterna *919 lively in the prior trial only when it is clear that the prior determination squarely addressed and specifically decided that issue.
The authorities cited do not directly address the issue presented herein, namely, whether a defendant can invoke a prior judicial determination of the amount of damages to which a plaintiff is entitled as a ceiling on his own liability while leaving open to him the opportunity for further litigation for the purpose of establishing a lower level of damages.
It has long been established that a judgment against one of several tort-feasors who are jointly and severally liable and who sustain to one another a dependent and derivative relationship serves as a limit as to the amount of the award which a plaintiff may recover against a nonparty tortfeasor secondarily liable (Goines v Pennsylvania R. R. Co., 6 AD2d 531). In the instant action we do not have tortfeasors who bear a dependent and derivative relationship (that is master and servant or owner and operator of a motor vehicle). We have presented to us defendants who are liable to the plaintiff for a statutory violation. Despite the fact that liability is predicated upon a statute rather than common-law tort, our courts have treated such defendants as joint tort-feasors for many purposes (Kelly v Diesel Constr. Div. of Carl A. Morse, Inc., 35 NY2d 1).
It is also axiomatic that the satisfaction of one judgment against a tort-feasor discharges the others from liability (Goines v Pennsylvania R.R. Co., supra; Gallivan v Pucello, 38 AD2d 876).
The rule enunicated in Goines v Pennsylvania R. R. Co. (supra), whereby the amount of a judgment obtained against a joint tort-feasor constituted the monetary limit to which a plaintiff would be entitled only if the tort-feasor bore a special dependent and derivative relationship to the other tort-feasor, appears to be a vestige of the old active-passive motif for determining ultimate liability between joint tort-feasors. In Kelly v Diesel Constr. Div. of Carl A. Morse, Inc. (supra), the Court of Appeals finally despaired of such terminology and observed that in classic and correct parlance, the one who should pay ultimately for actual *920 fault is primarily liable. The one who may be required to pay initially because of a breach of a statutory standard, or other rule of law is deemed secondarily liable. There appears to be no reason in logic or in the recognition of substantive rights which requires a continuation of the distinction recognized in Goines v Pennsylvania R.R. Co. (supra). The amount recovered in the Court of Claims by this plaintiff is for all of the damages which he alleges to have sustained as a consequence of the cave-in of the trench in which he was working. In the action against Labuzzetta, it appears that he will be offering the same proof on the same damages. Judicial economy and consistency in determining the rights and responsibilities of litigants require that a party injured as the plaintiff was in this case should have but one day in court to demonstrate the consequences of the fault of the defendants (Sarine v American Lumbermen's Mut. Cas. Co. of Ill., 258 App Div 653). For the reasons stated, it is hereby determined that the judgment of the Court of Claims should constitute a ceiling with respect to the amount of damages which this plaintiff could obtain in the Supreme Court.
Perhaps it could be said that the reasons for issue preclusion will not be given effect in the absence of mutual estoppel. That is, judicial economy would not be experienced and consistency of verdicts would not be assured in the absence of mutual estoppel. It could also be observed that no real contest on the matter of damages would be projected in the course of the trial, since the plaintiff would have nothing to gain in view of the ceiling established. It is recognized that it is an expense to litigants when they are required to produce physicians to testify concerning personal injuries. Such expenses would represent a redundancy in cost without any prospect for any commensurate additional award. It might also be noted that estoppel under these circumstances should only be granted if the defendant stipulates that the amount of the award in the Court of Claims would constitute a floor. Such a stipulation would not impair the rights of the defendant to contribution under CPLR article 14 since it would not constitute a settlement or release under section 15-108 of the General *921 Obligations Law (State of New York v County of Sullivan, 54 AD2d 29).
The posture of the law as it presently exists does not seem to require such a stipulation, and this court is disinclined to depart from the rules as they presently exist.
Before concluding, it should be noted that section 232 of the Debtor and Creditor Law provides that a judgment against one or more of several obligors shall not discharge a co-obligor who is not a party to the proceeding wherein the judgment was rendered. The authorities are equally compelling, however, in holding that satisfaction of the judgment rendered in the Court of Claims will discharge the responsibility owing by Labuzzetta. For this reason, the determination made upon this motion may be abstract.
The motion to establish the award in the Court of Claims as a ceiling is granted, and the defendant is permitted leave to serve an amended answer. Counsel for the defendant shall submit an order in conformity herewith, without motion costs.