Special Term for permission to open the case and submit additional evidence.

The motion for a reargument must be denied, without prejudice to such application.

Motion denied, with $10 costs. ·

---

### SPILA v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department.  December 8, 1911.)

RAILROADS (§ 328*)—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

> Where a person riding along a highway on a bicycle attempted to pass over railroad tracks at a grade crossing on a cloudy and rainy day, and at a time when his view of the tracks was entirely obscured by a dense smoke from a passing train, he is guilty of contributory negligence as a matter of law.

> [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1057–1070; Dec. Dig. § 328.*]

> Woodward, J., dissenting.

Appeal from Trial Term, Westchester County.

Action by Tomassina Spila, administratrix, against the New York Central & Hudson River Railroad Company.  From a judgment for plaintiff, and an order denying a new trial, defendant appeals.  Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

John F. Brennan, for appellant.

Sydney A. Syme, for respondent.

JENKS, P. J.  The respondent's intestate, a man of mature years, and a companion, both riding on bicycles in a highway, approached a place where the highway crossed at grade the tracks of the defendant. The intestate attempted to pass over the tracks, but was struck and killed by a south-bound train of the defendant.  The companion, who rode back of the intestate, saved himself by turning his vehicle into a telegraph post.  This companion, the sole witness of the casualty called by the plaintiff, testifies that the two men looked for any possible danger first when they were 60 feet away, and again when 5 feet away, but that at the time—5 p. m. on a cloudy and rainy June day— their view was obscured wholly by the smoke emitted by the locomotive engine of a recent north-bound train, which smoke still hung heavy and low over the tracks.  And he admits that, regardless of any permanent physical obstruction to a view, they could not have seen the oncoming train because of this dense smoke.  This testimony indicates contributory negligence as matter of law; for, to quote the language of Gray, J., in Heaney v. L. I. R. R. Co., 112 N. Y. 122, 19 N. E. 422, applicable to the intestate:

> "It was unquestionably his duty to await the disappearance of the smoke, and thus to be reasonably sure that he had a clear crossing."

See, too, Keller v. Erie R. R. Co., 183 N. Y. 67, 75 N. E. 965.

The judgment and order must be reversed, and a new trial must be granted; costs to abide the event.

THOMAS, CARR, and RICH, JJ., concur.

WOODWARD, J. (dissenting). Plaintiff's intestate was struck by a train operated by the defendant at a grade crossing in the village of Mt. Kisco on the 5th day of June, 1910, and instantly killed. Decedent was riding a bicycle, and was accompanied by one Fedele; the latter being a few feet behind decedent, and escaping the fate by running his bicycle into a telegraph post. The evidence is conflicting upon the material issues; but I am of the opinion that there was evidence in the case from which the jury might properly find that the defendant was guilty of negligence in the operation of its train, and that the decedent exercised that reasonable degree of care which the occasion would suggest to men of ordinary prudence. The decedent's view of the track was obscured until quite near by a factory building, and after that by two lines of telegraph poles, and it appears from the testimony that a train passing in an opposite direction had left a cloud of smoke behind it, so that the track for a distance of 200 feet or more from the crossing was obscured, so that decedent and his companion could not see the approaching train, and, if plaintiff's witnesses are to be believed, the defendant on a dark, rainy day operated its train at the rate of 40 miles an hour over this crossing and through this cloud of smoke without sounding a whistle or ringing a bell, or giving any warning of its approach. This is not a case of the decedent riding into the cloud of smoke. The evidence is that the smoke was so dense 200 feet away from the crossing that the approaching train could not be seen, and the jury might properly have found that it was negligent on the part of the defendant to come out of this cloud of smoke within 200 feet of a grade crossing, running at a high rate of speed, without giving timely warning, and that the decedent was not to be charged with contributory negligence for passing over an unobstructed crossing, where he had a view of 200 feet, and where he had a right to rely in some measure upon the defendant exercising some degree of care for his protection.

The judgment and order appealed from should be affirmed, with costs.