## MARSH v. BURNHAM.

1. TRIAL—AUTOMOBILES—STATUTES—MOTOR-VEHICLE LAW — DUTY TO RENDER AID—CONDUCT OF COUNSEL.
   In an action for personal injuries caused by a collision between plaintiff's and defendant's automobiles on a public highway, comments by plaintiff's attorney, in his opening statement, on defendant's failure to stop and give reasonable assistance to plaintiff, in contravention of 1 Comp. Laws 1915, § 4816, *held*, not reversible error.

2. APPEAL AND ERROR—CROSS-EXAMINATION—DISCRETION OF COURT.
   The extent to which cross-examination should be permitted is addressed primarily to the sound discretion of the trial judge, and reversal is warranted only where there is a clear abuse of discretion, where it is apparent that offending counsel acted in bad faith, or where the alleged misconduct is reflected in the verdict.

3. SAME.
   Although counsel acted with more zeal than discretion in prosecuting cross-examination as to private family affairs

---

On turning on wrong side of road to avoid approaching vehicle which is itself on wrong side, as contributory negligence on part of plaintiff, or negligence on the part of defendant, see note in 7 B. R. C. 705.

of defendant after ruling by the court excluding same, *held*, no reversible error shown.

4. SAME—EVIDENCE—CROSS-EXAMINATION.

Admission of an answer to the question: "Are you as sure of that as you are of anything else that happened that day?" *held*, not reversible error, although such method of cross-examination is not to be commended.

5. TRIAL—DEMONSTRATION IN COURT—APPEAL AND ERROR.

Where during cross-examination of one of the defendant's witnesses a demonstration of laughter and applause occurred in the court room, and the offenders were reprimanded by the court but not punished, defendant's contention that the course adopted by the trial judge was unnecessary and improper, and that plaintiff's attorney had no right to comment on it in his argument, *held*, without merit, in view of the fact that the court admonished the jury to pay no attention to the incident.

6. NEGLIGENCE—VIOLATION OF STATUTE.

The violation of a statute constitutes negligence *per se.*

7. TRIAL—MOTOR-VEHICLE LAW—LAW OF THE ROAD—INSTRUCTIONS.

In view of 1 Comp. Laws 1915, § 4592, requiring drivers of vehicles to seasonably drive to the right of the middle of the traveled part of the road, the court was not in error in instructing the jury that "Under the circumstances of this case, one who violates the law of the road by driving an automobile on the wrong side assumes the risk of such experiment; and if injury is caused thereby to another, then the person driving on the wrong side of the road, having assumed the risk of such experiment, is guilty of negligence, and it would make no difference whether he was driving fast or slow," the question as to whether the collision occurred on the left-hand side or the right-hand side of the road being in dispute, appellant claiming to be on the right-hand side and offering no excuse for being on the left; distinguishing *Winckowski* v. *Dodge*, 183 Mich. 303.

8. SAME—PRIMA FACIE NEGLIGENCE—INSTRUCTIONS.

It would have been idle for the court to have instructed the jury, as insisted by defendant, that for defendant to drive upon the wrong side of the road was *prima facie*

negligence only, where defendant at all times denied that his car was on the left side of the road; such charge would have injected into the case a theory unsupported by any evidence.

9. SAME—CHARGE AS WHOLE.
   *Held*, that the charge properly states the law as applicable to the facts in the case, and is therefore subject to no just criticism.

10. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
    Where the road at the place of the accident was covered by a smoke screen through which it was impossible to see, the question as to whether, under the circumstances, plaintiff was guilty of contributory negligence in entering the screen, *held*, for the determination of the jury.

Error to Hillsdale; Chester (Guy M.), J. Submitted June 15, 1920. (Docket No. 15.) Decided September 30, 1920.

Case by Fay Marsh against Augustus S. Burnham for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*C. A. Shepard* and *W. D. Grommon*, for appellant.

*Frankhauser & Cornell*, for appellee.

This is an action for damages growing out of a collision of two automobiles. The accident happened in daylight. Plaintiff was driving his car in a northerly direction toward the city of Hillsdale and defendant was driving in a southerly direction. When plaintiff reached the Country Club grounds, he found that the caretaker there had started a fire along the side of the road and that the resulting smoke constituted a screen through which it was impossible to see. He testifies that he hesitated before entering the smoke screen, but finally drew his car well over to the right-hand side of the road within a few feet of the fence

and proceeded at a speed of not to exceed five miles per hour in a northerly direction; that he had gone into the screen approximately a single car length when a violent collision occurred between defendant's car and his own.

As a result of the collision, both cars were badly damaged and plaintiff sustained very serious injuries. His left knee was so badly injured as to necessitate an operation; it was exceedingly painful and confined him to his house for a considerable length of time. The evidence in the record indicates that he spent (or became liable to pay) $467.90 in the repair of the machine, paying a man to take his place in his store, and in doctors' and nurses' bills. He secured a verdict of $500. At the time of the trial—some seven months after the injury—he was still suffering some measurable disability from the accident.

It was defendant's contention that in approaching the smoke screen he reduced the speed of his car to six miles an hour and—

"turned clear to the right of the beaten track as I entered the smoke and the further I got into the smoke, the more dense it was and once in a while the smoke would drift so that I could just discover the road for just an instant and I was holding to the right-hand side of the road down the hill * * * I didn't see no car or nothing until I got right onto him and as I could see the road, I held to the right all I dared to."

At the close of the plaintiff's case, a motion for a directed verdict was made by defendant, based upon the assertion that plaintiff, in entering the smoke, was himself guilty of such contributory negligence as to prevent his recovery. This motion was denied, and the case was submitted to the jury with the result above stated.

BROOKE, J. (after stating the facts). Defendant now reviews the case in this court under 62 assign-

ments of error, which are argued by counsel under 8 different heads.

1. Under this subdivision, defendant complains about the opening statement of counsel to the effect that defendant, in contravention of the statute (1 Comp. Laws 1915, § 4816), did not stop and give reasonable assistance to the plaintiff and did not, for several weeks thereafter, visit him or inquire as to his condition. We are of the opinion that no reversible error is disclosed under this head.

2, 3. Errors grouped under these heads are based upon the alleged improper cross-examination of defendant by plaintiff's counsel. In such cross-examination, counsel for plaintiff endeavored to go into the private family affairs of defendant and persisted in asking questions relative thereto after rulings excluding them had been made by the court. This court has very consistently held that a broad latitude should be permitted counsel in cross-examination and that the extent to which it should be permitted is addressed primarily to the sound discretion of the trial judge. A reversal is warranted only where there is a clear abuse of discretion by the trial court or where it is apparent that in asking the questions objected to or in making offer of proof, the offending counsel has acted in bad faith, or where the alleged misconduct of counsel is reflected in the verdict.

The case was contested with vigor on both sides and it must be said that counsel for plaintiff proceeded at times with more zeal than discretion; yet, in the light of the result, we cannot say that a reversal should be granted. Upon this branch of the case, many authorities are cited by counsel for both sides, and for the convenience of the profession they are here appended. *People* v. *Thompson,* 122 Mich. 411; *Langworthy* v. *Township of Green,* 88 Mich. 207; *Turner* v. *Foundry Co.,* 97 Mich. 177; *Clink* v. *Gunn,*

90 Mich. 135; *Kerr* v. *Manufacturing Co.*, 155 Mich. 191; *People* v. *Gotshall*, 123 Mich. 474; *Scripps* v. *Reilly*, 38 Mich. 10; *O'Connor* v. *Madison*, 98 Mich. 192; *Knickerbocker* v. *Worthing*, 138 Mich. 224, and cases cited therein; *Johnston* v. *Insurance Co.*, 106 Mich. 96.

4. Error is assigned on the admission over objection of an answer to the following question:

"*Q.* Well, you can answer the question; are you as sure of that as you are of anything else that happened that day?"

Counsel for defendant cites in support of his position the case of *Rains* v. *State*, 88 Ala. 91 (7 South. 315). The question asked the witness in this case was as to whether "a certain portion of his testimony is as truthful as the balance." In a later Alabama case, *Central of Georgia R. Co.* v. *Edmondson*, 135 Ala. 336 (33 South. 480), the question practically conformed with the one put in the case under consideration, and was held to be competent. We are of the opinion that such a method of cross-examination is not to be commended, but that its allowance by the trial court does not constitute reversible error.

5. In the course of the cross-examination of one of defendant's witnesses, plaintiff's counsel inquired of the witness, in effect, if his testimony was not influenced by some personal trouble between the witness and plaintiff's counsel, to which the witness replied that it was not. The following then occurred:

"*Q.* It had nothing to do with it?
"*A.* I haven't expressed any desire to love you or kiss you, or anything like that."

Thereupon a demonstration of laughter and applause occurred in the court room. Several of those offending were called to the bar of the court and admonished that their conduct constituted contempt, for

which, however, they were not punished, but were permitted to retire with the warning. This incident was made the occasion of comment by counsel for plaintiff in his closing remarks to the jury. Counsel for defendant, citing *People* v. *Wolcott,* 51 Mich. 612, assert that the course adopted by the trial court was unnecessary and improper and that plaintiff's attorney had no right to make it the basis for the argument that he did. In his charge, the court admonished the jury that they were to pay no attention to the incident. We think the point without merit. *Devich* v. *Dick,* 177 Mich. 173.

6. Assignments under this provision are directed to the charge of the court, and particularly to the following excerpt:

"Under the circumstances of this case, one who violates the law of the road by driving an automobile on the wrong side assumes the risk of such experiment; and if injury is caused thereby to another, then the person driving on the wrong side of the road, having assumed the risk of such experiment, is guilty of negligence, and it would make no difference whether he was driving fast or slow."

It is urged by appellant that this instruction is in conflict with our holding in *Winckowski* v. *Dodge,* 183 Mich. 303, where it was said by Mr. Justice STEERE:

"The undisputed evidence that defendants' car was on the wrong side of the road, passing the vehicle it was meeting on the left, alone raises a presumption of negligence on the part of its driver, and when such negligence is shown to have had a causal relation to the injury inflicted upon the plaintiff, as is the case here, a *prima facie* case of actionable negligence is presented. * * * If, as claimed by defendants, there were justifying circumstances tending to show it necessary for the driver to take the left side of the road, the question was of fact for the jury and not of law for the court. If facts were shown warranting the driver in passing to the left, it then became his

duty to observe that degree of caution and proceed with care at such reduced speed as was commensurate with the unusual conditions."

Section 4592, 1 Comp. Laws 1915, requires drivers of vehicles to seasonably drive to the right of the middle of the traveled part of the road. We have frequently held that the violation of a statute constitutes negligence *per se*. *Billings* v. *Breinig*, 45 Mich. 65; *Syneszewski* v. *Schmidt*, 153 Mich. 438; *Little* v. *Bousfield & Co.*, 154 Mich. 369; *Van Doorn* v. *Heap*, 160 Mich. 199; *Tabinski* v. *Manufacturing Co.*, 168 Mich. 392. It is true that in the *Winckowski Case* it was said that the fact that defendants' car was on the wrong side of the road (in contravention of the statute) constitutes a *prima facie* case of actionable negligence only. In that case, however, defendants claimed that there were circumstances tending to show that it was necessary for them to drive on the wrong side of the road. In the case at bar, defendant made no such claims. He offered no excuse for his failure to keep upon the right or lawful side of the road, but strenuously insisted throughout the case that his machine, in fact, was at all times on the side of the road where it had a legal right to be.

It will be noted that, in the language complained of, the learned trial judge prefaced his instruction with the words "under the circumstances of this case." We are of the opinion that where, as in the case at bar, the sole question in dispute was whether the collision occurred on the left-hand side of the road, as claimed by plaintiff, or upon the right-hand side of the road, as claimed by defendant, the instruction criticized is not erroneous. It seems to us it would have been idle for the court to have instructed the jury that for defendant to drive upon the wrong side of the road was *prima facie* negligence only, where the defendant at all times denied that his car was on the left side of

the road. In other words, such a charge would have injected into the case a theory unsupported by any evidence—a situation entirely different from that considered by this court in the *Winckowski Case, supra*.

7. Assignments here relate to the refusal of the court to charge as requested. We have examined the charge with care and believe that it properly states the law as applicable to the facts in the case and is therefore subject to no just criticism.

8. It is urged by defendant that verdict should have been directed upon the ground that plaintiff was guilty of contributory negligence himself in entering the smoke screen. The trial judge instructed the jury that both parties had a right to enter the screen and use the road, using such additional caution as the circumstances surrounding them rendered necessary and proper. This instruction we think correct. The question of whether plaintiff was negligent in entering the screen under the circumstances and in the manner he did was, in our opinion, for the determination of the jury. In other words, his conduct was not such as to induce all reasonable minds to agree that it was negligent.

The judgment is affirmed.

STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE, C. J., did not sit.