MILLIMAN v. SPRATT.

NEGLIGENCE—MOTOR VEHICLES—PERSONAL INJURIES—WRONG SIDE
OF ROAD—PROXIMATE CAUSE — BURDEN OF PROOF — ERRONEOUS
INSTRUCTION.

> In an action for personal injuries caused by a collision
> between defendant's automobile and the one in which
> plaintiff was riding, although the trial court erroneously
> instructed the jury that if defendant was driving on the
> wrong side of the road at the time of the collision the
> burden shifted to him to show that his negligence in
> this respect was not the proximate cause of the accident,
> the judgment in favor of plaintiff is affirmed by an equally
> divided court.[1]

Error to Kent; Dunham (Major L.), J.    Submitted
April 29, 1926.    (Docket No. 44.)    Decided July 1,
1926.    Rehearing denied October 4, 1926.

Case by Marion V. Milliman against William R.
Spratt for personal injuries.    Judgment for plaintiff.
Defendant brings error.    Affirmed by an equally
divided court.

*Frank R. Dentz* and *Laurence W. Smith,* for appellant.

*Dunham & Cholette,* for appellee.

SHARPE, J.    An automobile, in which plaintiff was
riding in the front seat with her husband, and one
driven by the defendant met in collision on a paved
highway, designated M-11, near the village of Ganges,
in Ottawa county, on April 4, 1925.    Plaintiff was
thrown out of the car and somewhat seriously injured.
Claiming that her injury was due to the negligence of

[1]Appeal and Error, 4 C. J. § 3113; Motor Vehicles, 28 Cyc. pp.
47 (Anno), 49.

the defendant, she brought suit and recovered a verdict for $3,353.33.     Defendant reviews the judgment entered on the verdict by writ of error.

We will consider the errors assigned in the order discussed by defendant's counsel.

1. It appears that an action, brought by the husband for damages arising out of the same collision, was also pending.     The desirability of consolidating the two actions was discussed by counsel before Judge Brown of the Kent circuit on October 28, 1925, and he intimated that such an order would be made.     The next morning, the two causes were called by Judge Dunham.     There was discussion about the consolidation, plaintiff's counsel objecting thereto.     A jury was called, but before it was sworn Judge Dunham, after a consultation with Judge Brown, decided that consolidation could not be had as a matter of right, and ordered plaintiff's action to proceed. · Defendant's counsel then objected to the case proceeding because it was not on the trial docket nor had it been at issue a sufficient time to permit it to be placed thereon at the time it was prepared.     It appears that the declaration had been served in May, but defendant's plea had not been filed until October 20th.     Error is assigned on the overruling of this objection.     The cause might have been placed on the docket by consent. The action of defendant's attorneys, who were acting as his counsel, in discussing the consolidation and presumably announcing themselves ready to proceed with the trial of the consolidated cases, may well be treated as a consent that the case be put on the docket, and we think should be held to be a waiver of their right to object to the case proceeding for that reason.

2. Plaintiff's husband, who had had experience in driving cars and observing their speed, was permitted to express his judgment as to the speed at which defendant's car was traveling as the two cars approached

each other. Defendant's car was moving on a down grade at the time. There was no error in the admission of his answer to the question asked. Its weight was for the jury.

3. Early in plaintiff's examination she began to weep. Her counsel thereupon asked her to stand aside, and called another witness. Defendant's counsel, in the absence of the jury, asked that a mistrial be declared and the jury discharged. The plaintiff remained in the court room near her counsel, and was later called and examined and cross-examined by defendant's counsel at length. There was no abuse of discretion in the action of the court in refusing defendant's request.

4. Defendant's counsel requested a directed verdict, for the reason that under the proofs the plaintiff's husband was guilty of contributory negligence as a matter of law. It appeared that there was fire in the grass on the side of the highway on which defendant would pass. There was some smoke drifting across the road. Plaintiff's husband testified that he saw the smoke, saw defendant's car approaching at a high rate of speed, steered the right wheels of his car to the edge of the pavement and slowed it down to not more than 10 miles per hour. It is insisted that he should have stopped. There was proof that the collision occurred about 20 feet before the car in which plaintiff was riding reached the place where the smoke crossed the road, and that defendant's car was then on plaintiff's side of the road. Defendant, however, testified that the smoke did not require him to leave his side of the road, and that he did not do so, but that the car in which plaintiff was riding was over on the defendant's side of the road. He admitted that he was driving about 30 miles an hour. The issue thus made was submitted to the jury. It cannot be said as a matter of law that the duty

was imposed on plaintiff's husband to bring his car to a full stop.    It was for the jury to say whether under the circumstances it was his duty to anticipate that defendant's car would be driven on the wrong side of the road and to stop in order to avoid a collision. The case of *Geeck* v. *Luckenbill,* 215 Mich. 288, relied on by defendant, is clearly distinguishable.    In that case the two cars were approaching an intersection.    The drivers had a clear view for a considerable distance, and, had the driver of the car in which plaintiff was riding looked at a time when he could have stopped, he would have seen that a collision was inevitable if he did not do so.

5. Error is assigned on the following paragraph in the charge of the court:

"I also stated to you that if the defendant in driving his car as he was approaching the other car was over east of the center line of that road, he would be negligent because he was violating the statute.    But that does not mean that he would be guilty of actionable negligence.    If he drove on that side and that did not cause the accident, was not the proximate cause of the accident, why, he would not be liable.    But if he was on that side and driving down there up to the time the collision occurred, then the burden of proof shifts to him to show that his being negligent, that is, his being on the wrong side, was not the proximate cause of the accident.    A man may be guilty of negligence in violating the statute, but unless that negligence causes the injury, why, he is not liable from the mere fact that he was violating the law."

The instruction in the above that if the defendant was driving on the wrong side of the road at the time of the collision the burden shifted to him to show that his negligence in this respect was not the proximate cause of plaintiff's injury was, we think, erroneous. It was the duty of the defendant to have kept to his own side of the highway.    His failure to do so constituted negligence on his part.    If he did not, and

the collision resulted from his negligence in this respect, the law imposed on him the duty to relieve himself of the effect of his negligent act by proof that the circumstances justified his leaving his own side of the highway, and his proof in that respect would be considered by the jury in determining whether his negligence was the proximate cause of the collision. *Winckowski* v. *Dodge,* 183 Mich. 303; *Black* v. *Parke, Davis & Co.,* 211 Mich. 274; *Marsh* v. *Burnham,* 211 Mich. 675; *Corey* v. *Hartel,* 216 Mich. 675.     There is, however, no shifting of the burden of proof.     When all the facts were before the jury, they were called upon to determine whether the plaintiff had sustained the burden of establishing that the defendant was negligent and that his negligence was the proximate cause of the injury plaintiff sustained.

We are satisfied, however, that this error does not warrant a reversal.     The plaintiff produced proof that defendant's car was on the wrong side of the road. The defendant testified positively that his car was at all times on the right side of the road, and his witnesses corroborated his testimony in that respect. That one car or the other was on the wrong side of the highway is apparent.     The collision could not otherwise have occurred, as the paved portion of the road was at least 18 feet in width.     The issue was thus clearly drawn.     The defendant made no claim that his car was over the center line of the roadway, and that part of the charge above quoted had no application to the facts in dispute, on which the verdict of the jury depended.     A similar state of facts was presented in *Marsh* v. *Burnham, supra,* in the consideration of which it was said:

"It seems to us it would have been idle for the court to have instructed the jury that for defendant to drive upon the wrong side of the road was *prima facie* negligence only, where the defendant at all times denied that his car was on the left side of the road.     In

other words, such a charge would have injected into the case a theory unsupported by any evidence."

The charge in this case did inject such a theory into the case, but we are unable to see how the rights of the defendant could have been in any way prejudiced thereby. To find the verdict they did, the jury must have found that defendant's car was on the wrong side of the road. If so, he was negligent. The collision was due thereto, and it must follow that such negligence was the proximate cause of plaintiff's injury.

6. The verdict is said to be excessive. The plaintiff was seriously injured. She suffered much pain. She was confined to her bed for three weeks, and to her home for six weeks longer, and at the time of the trial was not yet able to resume her usual household duties. We do not feel warranted in disturbing it for this reason. *Oliver* v. *Detroit Taxicab Co.,* 210 Mich. 89; *Bruman* v. *Yellow Taxicab Co.,* 220 Mich. 41.

The other errors assigned have been considered. They do not seem to merit discussion. We find no reversible error.

The judgment is affirmed.

BIRD, C. J., and STEERE and MCDONALD, JJ., concurred with SHARPE, J.

WIEST, J. I dissent. It was for plaintiff to show that defendant being on the wrong side of the road was the proximate cause of the accident. When the court instructed the jury that if defendant was on the wrong side of the road the burden shifted to defendant to show that his being there was not the proximate cause of the accident there was error committed, and, on such a vital subject, we must hold it was reversible error. It will not do to say the instruction went over the heads of the jurors. It was given to find lodgment with the jurors and we must assume it was

followed in reaching the verdict.    This misdirection does not fall within the curative provisions of section 14565, 3 Comp. Laws 1915.

For this error the judgment should be reversed and a new trial granted, with costs to defendant.

SNOW, FELLOWS, and CLARK, JJ., concurred with WIEST, J.