JOHN G. GIARDINA, Appellant, v. GARNERVILLE HOLDING CORP., INC., et al., Respondents, et al., Defendant. (Action No. 1.) CHARLES AVERY, Appellant, v. GARNERVILLE HOLDING CORP., INC., et al., Respondents, et al., Defendant. (Action No. 2.)

In our opinion the learned trial justice erred in his ultimate ruling that plaintiffs were guilty of contributory negligence as matter of law in entering, in the Dodge truck, that section of the roadway obscured by steam coming from the adjoining plant of respondent Sanco Piece Dye Works, Inc. The question as to such alleged negligence on the part of each plaintiff was one of fact for the jury. (*Palmer* v. *Dearing,* 93 N. Y. 7; *Peil* v. *Reinhart,* 127 N. Y. 381; *Brown* v. *Wittner,* 43 App. Div. 135; *Morrissey* v. *Smith,* 67 App. Div. 189; *Lee* v. *Ingraham,* 106 App. Div. 167; *Leshinsky* v. *Cohen,* 262 App. Div. 775; *Romano* v. *Home Owners' Loan Corp.,* 263 App. Div. 743; *Pietraszewski* v. *American Railway Express Co.,* 210 App. Div. 866; *Frost* v. *McCarthy,* 200 Mass. 445; *Waring* v. *Dubuque Elec. Co.,* 192 Iowa, 508; *Alitz* v. *Minneapolis & St. L. R. Co.,* 196 Iowa, 437; *Marsh* v. *Burnham,* 211 Mich. 675.) The authorities upon which respondents rely to support their thesis that there was contributory negligence as matter of law on the part of plaintiffs (*Heaney* v. *Long Island R. R. Co.,* 112 N. Y. 122; *Spila* v. *New York Central & H. R. R. R. Co.,* 147 App. Div. 666; *Warren* v. *State of New York,* 219 App. Div. 124; *O'Neill* v. *Chatham Phenix Nat. Bank & Trust Co.,* 242 App. Div. 511, affd. 267 N. Y. 622; *Jones* v. *State of New York,* 256 App. Div. 856; *Czesznek* v. *Ruffy Corp.,* 259 App. Div. 302), when each is examined and considered in the light of its peculiar facts, are not in conflict with our indicated ruling in this phase, which is in line with a modern judicial tendency to hold that the question of contributory negligence is for the jury. Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.