Arthur Gr. Klein, J.
This ease was tried before me without a jury. All parties waived findings of fact and conclusions of law.
On January 8, 1959, the defendant Consolidated Edison Company had excavated a hole approximately five feet square on the east side of Lexington Avenue at 48th Street, extending from the center of 48th Street toward the south curb and extend *934 ing into the easterly crosswalk of the intersection. South of the excavation was a heap of rubble consisting of earth and stone, which had been removed from the excavation. The only lane available for eastbound vehicular traffic was on the north side of 48th Street. The defendant Consolidated had made the excavation on January 7, 1959, in an effort to repair a steam leak of which it had learned three days earlier.
At about 2:30 p.m. on January 8, 1959, the plaintiff, who had been walking in a northerly direction on the east side of Lexington Avenue, attempted to cross 48th Street at a point east of the pile of rubble. At that time he states heavy vaporous steam was escaping from the excavation which obscured his vision to his left and he did not observe the taxicab of the defendant Parisi approaching him from his left. The taxicab came in contact with the plaintiff as a result of which he was thrown to the ground sustaining the injuries for which he seeks damages in this action.
There is no issue in this case with reference to the steam escaping from the excavation at the time of the accident. The plaintiff, defendant Parisi and the latter’s witnesses testified that steam was coming from the excavation in large amounts and the testimony of witnesses for the defendant Consolidated showed also that a quantity of steam was escaping from the excavation after the Consolidated attempted to stop the leak and left the location without stopping it.
While the defendant Consolidated has the duty to make necessary repairs to its steam mains under city streets, it must use reasonable care to make such repairs expeditiously, carefully and with all due regard for the safety of users of the highway. The owner and lessee of a building are liable where steam is negligently emitted so as to form a cloud covering the abutting roadway so as to obstruct the vision of drivers on an abutting highway (Giardina v. Garnerville Holding Co., 291 N. Y. 619, affg. 265 App. Div. 1004). In the instant case I find that the defendant Consolidated Edison Company was negligent in permitting steam to escape in such quantities that the vision of users of the highway was obscured.
However, in addition to proving negligence on the part of the defendants or either of them, the plaintiff had the burden of proving his own freedom from contributory negligence. This he has failed to do. While he was not guilty of negligence per se in crossing to the east of the escaping steam, or even through it, he was bound to exercise a greater degree of care than would be required if his vision were unobscured. It is undisputed that great quantities of steam were emanating *935 from the excavation and that when plaintiff looked to his left, if in fact he did so, his vision was obscured so that he did not see the approaching taxicab. Nevertheless, he continued to cross. This constituted negligence on his part. In proceeding to cross in the face of this dangerous condition, he was in practically the same situation as a pedestrian that crosses without looking. Further, the police officer and the defendant Parisi both testified that the plaintiff admitted to them that he was crossing against the light, “ trying to beat the light”, and the police record so indicates. Obviously, this is not the “ greater degree of care ” called for by the circumstances.
Judgment is, accordingly, awarded in favor of the defendants on the facts and the law and the complaint is dismissed on the merits.