■ VINCENT LOMORIELLO, Appellant, v. TIBBETTS CONTRACTING CORPORATION, Respondent.— In an action to recover damages for personal injury due to defendant's alleged negligence in storing and handling explosives, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered March 27, 1962 after a jury trial, dismissing the complaint at the end of plaintiff's case. Judgment reversed on the law and a new trial granted, with costs to plaintiff to abide the event. No questions of fact were considered. Plaintiff, 42 years of age, was injured when an unexploded dynamite detonating cap, which had been found by his infant son at the site of defendant's road excavation near plaintiff's home in Yonkers, exploded. It appears that the son took the cap home and left it, together with a dry cell battery, on plaintiff's work-

bench in the basement, and that the cap exploded in plaintiff's hand when he touched its wires to the terminals of the battery. The proof showed that for some time prior to the accident the defendant had been engaged in blasting operations in the construction of a sewer line for the City of Yonkers along Stillwell Avenue, in the vicinity of plaintiff's home; that the dynamite and caps were stored in separate magazines near defendant's trailer office on the roadway; and that two small wooden boxes were used by the dynamiter, Justo, for carrying the explosives to the job. It further appears that the defendant kept no written inventory of the dynamite or caps thus stored; that after each day's blasting had been completed, Justo estimated what supplies of explosives remained; and that if he anticipated a need for more he would notify his superior to order more. Other contractors were also doing blasting work some blocks away. Defendant's work had ceased shortly before the day of the accident; and all its material and equipment had been removed from the site. On the day in question plaintiff's 14-year-old son, while playing in the street, found an unmarked object — conceded to have been a detonating cap — which was 1¼ inches long by ¼ inch in diameter, with two coiled wires attached to it. The place where he found the cap was about three or four feet away from the place where one of the magazines had been. The boy brought the cap to his home, and, after putting the cap — together with a dry cell battery — on his father's workbench in the basement, went out. When the father later came down to the basement, he saw the unmarked object, but he supposed it to be a small electromagnet such as he had seen in an "Erector" set and in a drawing in a "science" magazine; and he thereupon touched the two wires of the object to the terminals of the battery. An explosion ensued causing serious injury to his right hand. Upon this record, granting to the plaintiff every favorable inference to which he is presently entitled by reason of the dismissal of the complaint at the end of his case (*Sagorsky* v. *Maylon,* 307 N. Y. 584, 586; *De Wald* v. *Seidenberg,* 297 N. Y. 335, 336–337), it is our opinion that jury questions were presented as to: (a) whether defendant negligently lost the cap in question (see *Stein* v. *Palisi,* 308 N. Y. 293, 298; *Tortora* v. *State of New York,* 269 N. Y. 167, 170; *White* v. *Lehigh Val. R. R. Co.,* 220 N. Y. 131, 136); (b) whether such negligence was the proximate cause of plaintiff's injury (*Kingsland* v. *Erie County Agricultural Soc.,* 298 N. Y. 409, 424; *Betzag* v. *Gulf Oil Corp.,* 298 N. Y. 358, 365; *Palsgraf* v. *Long Is. R. R. Co.,* 248 N. Y. 339, 345; *Travell* v. *Bannerman,* 174 N. Y. 47, 51); and (c) whether, under all the circumstances, plaintiff was free from contributory negligence (*Giardina* v. *Garnerville Holding Corp.,* 265 App. Div. 1004, 1005, affd. 291 N. Y. 619; *Ayres* v. *Delaware, Lackawanna & Western R. R. Co.,* 158 N. Y. 254, 258; *Harris* v. *Perry,* 89 N. Y. 308). Accordingly, a new trial is required to permit the jury to resolve these factual issues. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.