■ Edwin Young et al., Appellants, v. Roberta B. Bergman, Respondent.— In an action to recover damages for personal injury, loss of services and medical expenses, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered May 25, 1964, which dismissed their complaint upon the granting of defendant's motion, made after trial, to set aside the jury's verdict pursuant to CPLR 4404. Judgment modified on the facts by striking therefrom the last two decretal paragraphs providing for the dismissal of the complaint and by substituting therefor a decretal paragraph granting a new trial. As so modified, judgment affirmed, without costs. In our opinion, defendant's motion to set aside the verdict should have been granted, but a new trial should also have been ordered. The jury's verdict was against the weight of the evidence. Christ, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur; Hill, J., dissents and votes to reverse the judgment and reinstate the verdict. Plaintiffs were social guests in defendant's home on the night in question. The jury could have found from the testimony that Mrs. Young was in the kitchen with the defendant, who was preparing a snack, when she (Mrs. Young) asked where the bathroom was. Defendant told her to "Go through the door on the left", without giving any further instruction. There were two doors in the general direction of the left, one leading to the lavatory and the other through a hall to a then unlighted 3½ to 4-foot platform at the head of the stairs to the basement. Unknowingly, Mrs. Young took the latter door and, while groping in the dark, fell down the stairs to the basement. In my opinion, the ambiguous direction by defendant to Mrs. Young to "go through the door on the left", without further instruction or warning, was under the circumstances a violation of defendant's duty to her guest "'to exercise reasonable care to disclose * * * dangerous defects known to defendant and not likely to be discovered by plaintiff'" (*Krause* v. *Alper*, 4 N Y 2d 518, 521). Indeed, defendant's conduct comes within the definition of gross negligence (see Restatement, Torts, § 500): "The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or

having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him." It is for the jury to say whether Mrs. Young acted as a reasonably prudent person in groping in the dark for a light or toilet seat in what she was told was the powder room (*Giardina* v. *Garnerville Holding Corp.*, 265 App. Div. 1004, 1005, affd. 291 N. Y. 619; *Lomoriello* v. *Tibbetts Contr. Corp.*, 18 A D 2d 911, affd. 13 N Y 2d 736). In the circumstances, she was entitled to such favorable inferences on the question of contributory negligence " as the jury might draw " (*Townley* v. *Bagby Transfer Co.*, 19 A D 2d 757, 758).