■ DAVID FLOOD, Respondent, v TRAVELERS VILLAGE GARAGE, INC., et al., Appellants.—Order, Supreme Court, New York County, entered March 9, 1978, affirmed, without costs or disbursements. Order of the same court, entered April 21, 1978, denying renewal, affirmed, without costs or disbursements. On the very factual statement in the dissent, we believe that the result reached at Special Term was correct. A factor to be considered in determining what is or is not negligence is, axiomatically, foreseeability. When a driver parks a car on an incline, it is reasonably foreseeable that a mechanical device such as a reverse gear might fail with or without human intervention, particularly when the force of gravity is involved. This would be a "cause * * * to be anticipated." Such a standard would be expected to have applicability to a "car jockey", i.e., an employee of a parking garage to whose care customers' vehicles are consigned. We take notice, since we deal here with natural physical forces, that the only sure way to guard against the results of such failure on an incline is to provide blockage against gravity. The generally acceptable way to accomplish this is described in the dissent, though dismissed as "not the exclusive way". It is, however, the only certain way, and failure to utilize it in these circumstances constituted negligence in our view. Plaintiff, having made out a case of negligence prima facie, it becomes, in the now classic phrase, defendants' duty to lay bare their proofs. There are none. The jockey did no more than state his unfounded opinion that the car must have slipped out of gear. Defendants' expert never examined the vehicle; he saw only motion papers. There is no

reason in this open-and-shut case to deny summary judgment. Concur—Murphy, P. J., Fein and Markewich, JJ.

Silverman and Sandler, JJ., dissent in a memorandum by Silverman, J., as follows: We would reverse the denial of defendants' motion for renewal and on renewal, we would deny plaintiff's motion for summary judgment. Defendant Jernigan, an employee of defendant corporation which operates a garage, was parking a standard shift Volkswagen car in the garage. In the course of doing so, he was backing the car up a ramp on the garage property. He had to stop to open the gate. He left the car in reverse gear with the ignition turned off, as he got out of the car to open the gate. For some reason the car began to roll down the ramp and struck plaintiff in the street. There is an issue of fact as to whether defendant was guilty of negligence. An operator who leaves a car on an incline must "be careful to have it so secured that it will not start up except by the intervention of some external cause not to be anticipated or guarded against." *(Maloney v Kaplan,* 233 NY 426, 428.) While one way to so secure the car is to set the brake and turn off the ignition and turn the front wheels to the curb, that is not the exclusive way; it is sufficient if defendant "otherwise stopped it securely in the circumstances" (p 428). We are unable to say as a matter of law that leaving a standard shift car in reverse gear when it was facing downward on this incline constituted negligence as a matter of law rather than presenting a factual question as to compliance with the requirement of otherwise securing the car. In negligence cases "even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law." *(Andre v Pomeroy,* 35 NY2d 361, 364.)