PRINCESS MYERS, an Infant, by her Father and Natural Guardian, DAVID MYERS, et al., Respondents, v FIR CAB CORP. et al., Appellants.

First Department, March 8, 1984

### APPEARANCES OF COUNSEL

*Robin Mary Heaney* of counsel (*McCormick, Dunne & Foley,* attorneys), for appellants.

*Roy M. Warner* for respondents.

### OPINION OF THE COURT

FEIN, J.

The summary judgment granted to plaintiffs on liability only should be affirmed with costs for the reasons stated by Justice ALFRED M. ASCIONE at Special Term.

We would add that defendants have failed to submit any evidentiary facts sufficient to raise a triable issue. In opposing a motion for summary judgment even in a negligence action, it must be shown that there are evidentiary facts requiring a trial (*Horowitz v Konner, Inc.,* 67 AD2d 38).

We are all aware of the strictures against summary judgment in negligence cases. Curiously enough, *Andre v Pomeroy* (35 NY2d 361), upon which the dissent relies, was a case in which a summary judgment was granted. Perti-

nent to our case is the following language from that case (p 364):

"There is, in short, no absolute prohibition against granting summary judgment in such cases * * *

"Normally, if the facts are uncontested summary judgment is appropriate. However, this is not always so in negligence suits, because even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law.

"Thus as a practical matter summary judgment continues to be a rare event in negligence cases. But this does not mean that the court is obliged, on policy grounds, to ferret out speculative issues 'to get the case to the jury,' where the trial may disclose something the pretrial proceedings have not."

The rule of that case and others is that in negligence cases the plaintiff will be entitled to summary judgment "only in cases in which there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct either was not really involved (such as with a passenger) or was clearly of exemplary prudence under the circumstances." (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.03, p 32-153, quoted in *Andre v Pomeroy, supra,* p 365.)

In essence, then, summary judgment is not precluded in a negligence case in which the facts are undisputed and where as a matter of law the conduct of the defendant is negligent.

The undisputed facts here come from the mouth of the defendant, both in his examination before trial and in his affidavit in opposition to the motion. He stated, in substance, that when he observed that the engine of his automobile was overheated, he pulled the automobile curbside in mid-Manhattan on Seventh Avenue between West 22nd and West 21st Streets at 8:00 P.M., turned the motor off, and raised the hood of the car. With the assistance of an unnamed pedestrian, he attempted to remove the radiator cap. The engine was so hot that it was necessary to use a rag in removing the cap. Steam and water were allowed to

escape, scalding and burning the infant plaintiff who was walking along the sidewalk en route from a store. She observed only that two men were standing by the motor of the car from which the steam and boiling water escaped. Defendant claims that he waited 20 minutes to one half an hour after stopping the car before attempting to remove the radiator cap. Although he testified the temperature gauge did not indicate overheating when he stopped the car, there is no testimony that he looked at it again after allegedly waiting 20 minutes to one-half hour to allow the heat in the radiator to dissipate. He stated he never saw any steam escaping before removing the cap while the engine was still hot.

This is the sole defense in this action, plainly insufficient as a matter of law.

The physical facts of which the court may take judicial notice are such that after 20 minutes to one-half hour the water or water and coolant in the radiator of an overheated car will cool down so that there will be no escaping steam and hot water. It does not lie in the mouth of the defendant to attack his own credibility by way of defense. Moreover, it is palpable on this record that defendant sought to loosen the cap curbside at a time when there was plainly a substantial risk known to him that steam and hot water would escape. Defendant's own statement that he used a rag to remove the cap demonstrates his own recognition it was still hot. This was negligence as a matter of law.

It is simply incredible that boiling water and steam would still have been present had the engine been turned off for 20 minutes to one-half hour. Thus, the sole explanation given by the defendant demonstrates negligence as a matter of law unless we are to say that there is a triable issue as to whether a reasonable man would unscrew the cap of an overheated motor beside the curb on a traveled city street.

Even in a negligence case summary judgment must be granted where the plaintiff's prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable, if not rebutted by other evidence (*Foltis, Inc. v City of New York*, 287 NY 108; *Colonial Sand & Stone Co. v Tracy Towing Line*, 16 AD2d 645; *Horowitz v*

*Konner, Inc.,* 67 AD2d 38, *supra).* Defendants have totally failed to come forward with any competent proof to rebut the inescapable inference that the driver's negligence caused the plaintiff's injuries. The proof of defendant's negligence comes out of his own mouth. One who allows steam to escape onto a public passageway is chargeable with negligence which, if unexplained, entitles the plaintiff to judgment (*Wilson v American Bridge Co.,* 74 App Div 596; *Wynn v Parisi,* 24 Misc 2d 933).

The dissent suggests that the function of the court upon a motion for summary judgment is limited to issue finding, not issue determination. No one disputes that proposition. The question is whether on the undisputed facts the conduct of the defendant met a standard of reasonable care which can be accepted.

*Pfaffenbach v White Plains Express Corp.* (17 NY2d 132), relied on by the dissent supports the summary judgment under review here. A car on the wrong side of the road was involved in a collision. The plaintiff passenger thus made out a prima facie case. In such circumstances there is an obligation upon the defendant to come forward with an explanation. In the absence of an explanation, or when such explanation demonstrates that the care allegedly exercised by the defendant falls below the permissible standard of reasonable care, the plaintiff is entitled to judgment. *Ugarriza v Schmieder* (46 NY2d 471) is not to the contrary. Plainly there were questions of fact as to when the unpainted concrete divider separating two sections of the parking lot became visible during the night, and whether the conduct of the driver in applying the brakes met a reasonable standard of care. Palpably the facts there raised a question of whether the driver was negligent.

More to the point is *Horowitz v Konner, Inc. (supra),* where this court applied the doctrine of *res ipsa loquitur* in granting summary judgment. There a bus left the highway and overturned in the center mall area on a snow-covered road. Absent "a satisfactory explanation for the incident" the plaintiff passenger was held entitled to summary judgment (*supra,* p 39).

In principle our case is similar. The event was of a kind which ordinarily would not occur in the absence of some-

one's negligence. It was caused by an instrumentality within the exclusive control of the defendant. It was not due to any voluntary action or contribution upon the part of the plaintiff (*Corcoran v Banner Super Market,* 19 NY2d 425, 430; *Cameron v Bohack Co.,* 27 AD2d 362, 364). A further recital of the facts is not necessary to show the applicability of *res ipsa* here. In the absence of an explanation compatible with reasonable care, liability ensues. There is a complete lack of evidence to rebut the inference of negligence (*Horowitz v Konner, Inc., supra,* pp 41-42).

Similar is *Flood v Travelers Vil. Garage* (66 AD2d 726), where the garage attendant left a vehicle parked on the garage ramp in reverse gear. The vehicle slipped and ran into the street, injuring plaintiff. The majority of this court stated: "We take notice, since we deal here with natural physical forces, that the only sure way to guard against the results of such failure on an incline is to provide blockage against gravity." As in that case, we deal here with natural physical forces. The only sure way to guard against steam and scalding water escaping and injuring a pedestrian, is to drive the car into a service station for help, or to wait until the motor is cold. The failure on the part of this defendant to do either is palpably negligent, leaving no issue except that of damages.

The court is not "obliged, on policy grounds, to ferret out speculative issues 'to get the case to the jury,' where the trial may disclose something the pretrial proceedings have not." (*Andre v Pomeroy,* 35 NY2d 361, 364, *supra.*)

Accordingly, the order, Supreme Court, New York County (ALFRED M. ASCIONE, J.), entered on December 28, 1982, granting plaintiffs' motion for summary judgment on liability, should be affirmed, with costs.

KASSAL, J. (dissenting). The issue on this appeal is whether plaintiff is entitled to summary judgment in this negligence action. Special Term granted the motion and the majority has affirmed, concluding that defendant, through the actions of its driver, was negligent as a matter of law. We disagree. The inferences reasonably capable of being drawn as to whether defendant's conduct was negligent under the circumstances are matters exclusively for

the trier of the facts, not for the court in a fact-finding determination.

On July 11, 1981, at or about 8:00 P.M., a hot summer's night, Edwin Cordero, an experienced cab driver, was operating a taxicab owned by the defendant. While traveling on Seventh Avenue, Cordero felt heat coming from the engine and, although the temperature gauge was off, he believed the engine to be overheated. In response, he pulled the taxi to a parking lane next to the curb, on the west side of Seventh Avenue, between 22nd and 21st Streets, turned off the motor and opened the hood. He claims that he waited about 20 or 30 minutes for the heat of the engine to dissipate and, during that time, he never saw any steam escape from the vehicle.

Accompanied by a pedestrian who happened to be passing, Cordero took a rag to remove the radiator cap in order to see if any water was missing in the radiator. Two seconds before doing so, he checked the sidewalk area in the vicinity of the cab and ascertained that no one was nearby. As he attempted to turn the cap "half a turn", it "blew right up. So I had no chance to hold it down." As a result, water and steam spewed across the sidewalk area, scalding the infant plaintiff about 10 feet away, who had apparently exited a store in close proximity to where the cab was parked.

The child, Princess Myers, 10 years of age at the time, was on her way home after leaving a grocery store at 22nd Street and Seventh Avenue, carrying a small bag. Although she observed two men in front of the taxi with the hood open, she was unable to offer any evidence relating to the occurrence.

The issue of negligence and whether the operator acted reasonably are questions of fact to be determined at trial, inappropriate for summary resolution. *Res ipsa loquitur* is inapplicable here. It is an evidentiary rule, which permits an inference of negligence from the mere occurrence of an accident so as to aid the plaintiff in making out his prima facie case and, thereby, satisfy his duty to offer proof sufficient to submit the case to the jury. It is, however, insufficient, generally, to entitle plaintiff to a directed verdict, even where no contradictory evidence is offered.

(41 NY Jur, Negligence, § 89, pp 108-109; see, also, *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135.) The jury may draw such inference from the happening of the accident but it is not required to do so. On this record, the accident is not one which ordinarily would not have occurred but for the negligence of the defendant (*Abbott v Page Airways,* 23 NY2d 502, 510).

The function of the court upon a motion for summary judgment is limited to issue-finding, not issue-determinaton (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Esteve v Abad,* 271 App Div 725, 727). The remedy is a drastic one and should not be granted where there is any doubt as to the existence of a triable issue (*Moskowitz v Garlock,* 23 AD2d 943, 944), since it serves to deprive a party of his day in court. Relief should be granted only where no genuine, triable issue of fact exists (see *Werfel v Zivnostenska Banka,* 287 NY 91; CPLR 3212, subds [b], [c]).

These principles have particular application to negligence actions since the issue of negligence is essentially a factual question and, thus, summary judgment is a rarity in such cases (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:8, p 430). The Court of Appeals has taken cognizance of the inappropriateness of summary judgment generally as a remedy in such actions, observing in *Andre v Pomeroy* (35 NY2d 361, 364):

"The statute directs that 'The motion shall be granted if, upon all the papers and proof submitted, the cause of action * * * shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party. (CPLR 3212, subd. [b].) Normally, if the facts are uncontested summary judgment is appropriate. However, this is not always so in negligence suits, because even when the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law.

"Thus as a practical matter summary judgment continues to be a rare event in negligence cases."

Similarly, in *Ugarriza v Schmieder* (46 NY2d 471, 474), the Court of Appeals stated: "Negligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination. Only if it can be concluded as a matter of law that defendant was negligent, may summary judgment be granted in a negligence action. The matter before us is not such a case."

This is not a case which properly lends itself to summary resolution. Whether the operator of the vehicle acted in a prudent manner in pulling the car to the side of the road, shutting off the engine, opening the hood to allow the motor to cool, waiting for the period of time he claimed, looking around for pedestrians nearby and whether sufficient time elapsed before he attempted to remove the radiator cap are factual issues, not for the court on motion for summary judgment. His credibility and the foreseeability of the accident pose factual issues. To recover without a trial, it must be found as a matter of law, that the defendant failed to exercise the degree of care and prudence required of the hypothetical "reasonable man". In resolving the issue, the majority has improperly determined the truth as between conflicting inferences, a matter for the trier of the facts.

*Andre v Pomeroy* (*supra*) does not compel a different result. There, the Court of Appeals found (p 365) the factual situation posed "one of those rare cases which is ripe for summary judgment." The defendant's negligence was conclusively established from her own uncontested admission of negligence that, while driving in heavy traffic, she took her eyes off the roadway to search for something in her purse, conduct which could not be considered reasonable under any standard. Thus, there was a clear basis for the direction for summary judgment in favor of the plaintiff.

Furthermore, in *Ugarriza v Schmieder* (*supra,* p 475), the court explicitly recognized: "*Andre* did not serve as a departure from prior law, nor was it intended as a signal that the prerequisites for a grant of summary judgment had been further modified. Rather, it indicates merely that

if the admitted facts are such that no conclusion other than negligence can be drawn, summary judgment is not precluded in a negligence action."

In *Ugarriza* (*supra*), plaintiff was a passenger in a vehicle being operated by defendant in a parking lot at about 4:00 o'clock in the morning. The car, traveling at between 20 and 25 miles per hour, struck an unpainted, concrete divider which had separated the two sections of the lot. There was no proof that the driver was not alert or was not paying attention to what was in front of him. The court (p 476) distinguished the situation from that in *Andre* (*supra*): "In the instant case, unlike *Andre,* we cannot say as a matter of law that defendant's conduct fell far below any permissible standard of due care. Indeed, although not necessarily dispositive, we would note that here plaintiff has failed to suggest any affirmative act or even any articulable omission by defendant which could be characterized as negligent. She has merely made conclusory allegations of undefined negligence. It would appear that plaintiff seeks to have us conclude as a matter of law that there was negligence simply because there was an accident. Such would be contrary to both law and logic."

The same holds true in our case. On this record, there is no real dispute as to the cause of the accident but only as to whether defendant's conduct fell below the required standard of care, which cannot be concluded as a matter of law. The majority, in holding otherwise, finds negligence simply because the accident occurred. This results in the application of a strict liability standard, wholly without basis under the facts of this case. Here, there are genuine and substantial issues as to whether defendant's conduct fell below the required standard of care and whether the accident was foreseeable, both uniquely factual issues to be resolved at trial. The drawing of reasonable inferences is exclusively a matter for the trier of the facts and is beyond the province of the court upon motion for summary judgment.

Nor does the factual situation here lend itself to application of the doctrine of "judicial notice", so as to obviate the need for formal proof. The majority may not properly take "judicial notice" to conclude, as it has done, that there is no

necessity for independent proof bearing upon the time required for water to cool in the radiator of a vehicle, which may be influenced by other factors, including, *inter alia,* the quantity or nature of coolant in the radiator, the age and condition of the vehicle and the temperature and weather conditions prevailing at the time. Palpably, this is susceptible to expert proof to be adduced at trial. Therefore, it is not a matter to be resolved summarily. It is conceivable that the defendant did not wait the precise period of time stated by him. The time he did wait, however, and whether sufficient and prudent under the circumstances, must await the trial.

*Wilson v American Bridge Co.* (74 App Div 596), and *Wynn v Parisi* (24 Misc 2d 933), relied upon by the majority, are inapposite here. Both cases involved determinations rendered after trial, not on motion for summary judgment. In *Wynn,* Consolidated Edison was found to have been negligent in permitting steam to escape from a street excavation, which obscured the vision of users of the adjacent highway. Plaintiff was struck while crossing the street against the light and through the escaping steam. Following a nonjury trial, the court (p 935) dismissed the complaint "on the facts and the law". In *Wilson,* plaintiff was injured by hot water and steam discharged from a pipe which projected through the wall of defendant's building. The Appellate Division, Fourth Department, affirmed the judgment entered on a jury verdict in favor of plaintiff. Neither case authorizes the court to summarily resolve factual issues as to liability.

Essentially, this is what the majority has done here, invoking the doctrine of *res ipsa loquitur,* albeit without labeling it as such. This is inappropriate. The doctrine serves as an evidentiary rule to permit an inference of negligence, which casts upon defendant the burden of coming forward with an explanation. It does not, however, create a presumption of negligence, as assumed by the majority (Richardson, Evidence [10th ed], § 93, p 69). At trial, the trier of the facts may draw an inference of negligence from the happening of the accident, but it is not obligated to do so.

In our case, defendant has come forward with an explanation. The evaluation of the proof and the sufficiency and

reasonableness of the explanation, however, are matters for trial. *Horowitz v Konner, Inc.* (67 AD2d 38), relied upon by the majority, is inapposite here. There, plaintiff, a passenger in a bus, was injured when the vehicle, admittedly being operated in the snow and ice and at an excessive rate of speed, left the roadway and overturned. The driver had pleaded guilty to a violation of subdivision (a) of section 1180 of the Vehicle and Traffic Law, which is evidence of negligence, as a matter of law. We granted plaintiff summary judgment, relying upon *res ipsa loquitur,* plaintiff's affidavit, the driver's admission of negligence in his guilty plea and the failure of defendant to offer any competent proof. Here, however, there is no evidence of negligence as a matter of law, no admission of unreasonable conduct, no *res ipsa loquitur* and it is for the trier of the facts to resolve any contradictory inferences and facts.

Nor does *Pfaffenbach v White Plains Express Corp.* (17 NY2d 132, *supra*), support summary judgment here for two reasons, namely, it was a disposition after a trial and, secondly, although there was a statutory violation which was evidence of negligence as a matter of law, the court nevertheless held (p 135), "In such a situation, showing this and nothing more, a case of negligence is made out prima facie sufficient to go to the jury to determine liability. The explanation of the defendant, if he gives one, will also usually be for the jury."

Equally misplaced is the majority's reliance upon *Flood v Travelers Vil. Garage* (66 AD2d 726), clearly distinguishable from the facts here. In *Flood,* a garage attendant had backed a Volkswagen onto an inclined ramp leading to a garage and left the standard shift vehicle unattended, in reverse gear and with the ignition off, while he went to open the gate to the garage. The car rolled down the ramp, striking the plaintiff. The majority found defendant to be negligent as a matter of law and granted summary judgment in what was characterized as an "open-and-shut case".

This hardly equates with the situation here, where the only proof in the record poses factual issues as to foreseeability and the exercise of prudence required under the circumstances. While the majority finds fault in defendant

having pulled the car alongside the curb, clearly, it would have been imprudent to allow the disabled vehicle to remain in the moving lanes of traffic on Seventh Avenue. Although the majority speculates and concludes that the driver was negligent in not proceeding to a service station for help, nothing in the record reflects whether there were any gas stations nearby. Surely, it is not suggested that it would have been prudent for the driver to continue to operate an overheated vehicle in any event in search for a gas station through the streets of the city. The alternate suggestion, that defendant was negligent in not waiting until the motor had cooled, predetermines one of the key questions to be resolved at trial.

Accordingly, the order, Supreme Court, New York County (ALFRED M. ASCIONE, J.), entered December 28, 1982, granting plaintiffs' motion for partial summary judgment on liability, should be reversed, and the motion denied.

BLOOM and MILONAS, JJ., concur with FEIN, J.; SANDLER, J. P., and KASSAL, J., dissent in an opinion by KASSAL, J.

Order, Supreme Court, New York County, entered on December 28, 1982, affirmed. Respondents shall recover of appellants $75 costs and disbursements of this appeal.